UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | Case No. 1:25CR62 |
| ) | |
| ANTHONY S. OLOANS ) | |
| Defendant ) | |

### DEFENDANT'S MOTION TO REVOKE THE MAGISTRATE JUDGE'S DETENTION ORDER AND REQUEST FOR IMMEDIATE RELEASE

COMES NOW ANTHONY S. OLOANS, Defendant in the above-styled matter, and through his attorney of record hereby files this DEFENDANT'S MOTION TO REVOKE THE MAGISTRATE JUDGE'S DETENTION ORDER AND REQUEST FOR IMMEDIATE RELEASE, showing this Honorable Court as follows:

### PROCEDURAL HISTORY

On September 10, 2025, Defendant was arrested on the basis of a grand jury arrest warrant issued in connection with the Indictment in this case (Doc. 3). Defendant had his Initial Appearance on September 11, 2025, and he had his Arraignment on September 18, 2025 (Docs. 22 & 47). A Detention Hearing was conducted on September 18, 2025 (Doc. 47) and on September 30, 2025, the Magistrate Judge entered an Order for Detention (Doc. 72). Pursuant to 18 U.S.C. § 3145(b), Defendant now moves this Honorable Court to revoke the Magistrate Judge's Detention Order.

### STANDARD OF REVIEW

The standard of review for this Motion is *de novo* (18 U.S.C. § 3145(b)), which essentially means that the District Court Judge "may start from scratch" when considering

whether it is appropriate to either detain or release the defendant. United States v. Torres, 929 F.2d 291, 292, (7th Cir. 1991).

## ARGUMENT

### 1) It is unlawful and unconstitutional to hold a Detention Hearing or detain a defendant at all when there is no basis for detention under 18 §3142(f)

The Magistrate Judge erred as a matter of law in detaining Defendant without a §3142(f) factor having been established by a preponderance of the evidence. The Supreme Court has established long ago that a Detention Hearing may only be held if one of the seven §3142(f) factors is present. United States v. Salerno, 481 U.S. 739, 747 (1987). The Magistrate Court correctly determined that the provisions of §3142(f)(1) were inapplicable to this Defendant (Doc. 72). However, the Court erred when it found that §3142(f)(2) mandated a detention hearing because there is a (1) serious risk that the defendant will flee if released; and (2) a serious risk that the defendant will obstruct justice or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror if released. (Doc. 72).

### 2) The Defendant is not a Serious Flight Risk

First of all, the Defendant is not a serious risk to flee if he is given pre-trial release. The vast majority of released defendants do not flee. It is worth noting initially that §3142(f)(2) does not allow a detention hearing to be held if a defendant is simply an ordinary risk of fleeing. Rather, the plain language of the statute requires that a defendant be a "serious" risk of flight. 18 U.S.C. § 3142(f)(2). There is an inherent risk of nonappearance and flight in every criminal case. But the Bail Reform Act of 1983 (hereinafter "BRA") makes it clear in its legislative history that detention based on serious risk of flight is only appropriate under "extreme and unusual circumstances." Bail Reform Act of 1983: Rep. of the Comm. On the Judiciary, 98th Cong. 48 (1983). The Government has shown no such extreme and unusual circumstances here.

2

In the case at bar, the Defendant is resident of Hinesville, Georgia and has been continuously since 2001. His only residence is located in Hinesville. Defendant's only family, including his wife, reside in Hinesville. Defendant does not have any other properties in which he can live, nor does he maintain any foreign addresses. There is truly nowhere else for the Defendant to go except home to Hinesville upon release.

Furthermore, there is no evidence to suggest that Defendant is now a "serious" risk to flee because of the charges he faces. The underlying activity that forms the basis for these criminal charges involves activities that happened in the running of the House of Prayer Church in Hinesville. The Church has been under investigation by federal agents since at least 2007, and the Defendant has known about it at all times. It stands to reason that if the Defendant were going to flee to try to avoid justice, he would have had 18 years in which to do so. However, during this time, the Defendant has remained in the Hinesville community and has continued to strengthen his ties there. This current Indictment cannot therefore be used as a reason for why Defendant would now choose to give up his entire life in Hinesville and flee to anywhere else.

It should also be noted that the Defendant has no prior criminal record, and therefore there is nothing to suggest that Defendant has ever failed to appear at a court hearing. He certainly cannot be labeled as a "serious" risk to flee. There is no evidence to support that conclusion at all. Therefore, a Detention Hearing is not authorized and Defendant cannot be detained under the law.

### 3) There is not a Serious Risk that the Defendant will Obstruct or Attempt to Obstruct Justice if He is Released.

Secondly, there is not a serious risk that the Defendant will obstruct or attempt to obstruct justice or threaten a prospective witness or juror. In its Detention Order, the Magistrate Judge erred in finding that the Defendant posed a serious risk of obstructing justice, interfering with

3

witnesses, and continuing the alleged scheme (Doc. 72). However, the explanation given by the Magistrate Judge for this finding is that the "Government presented substantial evidence...describing Defendant's actions to tyrannize church members, coerce many to perform illegal acts...and obstruct members' efforts to assert their property rights..." (Doc. 72). This finding overlooks the evidence that Defendant can present to the Court to refute the Government's baseless assertions. Defendant is in possession of detailed evidence to show that he has not tyrannized any church members, but rather he remains a close friend and confidant with those members to this day. Further, Defendant has proof available at future hearings to show that not one person was coerced by him to perform illegal acts, nor did he obstruct church members' efforts to assert their property rights. Upon information and belief, this evidence will be presented via live testimony of victims and witnesses and signed affidavits and powers of attorney that were all executed knowingly, voluntarily, and of the member's own volition. The fact is that the Government's case against the Defendant is tenuous at best, and now having heard the Government's argument for detention, the Defendant is well-positioned to refute each and every allegation that the Government makes as to why he should be detained. Therefore, the Defendant cannot be detained under the law.

### 4) There are No Other Reasons for the Defendant to Be Denied Pre-Trial Release

As far as the reasons for detention enumerated in 18 U.S.C. § 3142(i), the Magistrate Judge erred in his conclusions that the weight of evidence against the Defendant is strong, that the Defendant has used aliases or false documents, and that his release poses serious danger to any person in the community. (Doc 72). As alluded to above, the weight of the evidence against the Defendant is not strong. When the Defendant has his full evidentiary hearing on this matter, the Court will see that he has very plausible defenses to having committed any wrongdoing here.

Furthermore, there is no evidence that the Defendant has ever used aliases. The only testimony that even comes close to such an allegation is the use of a nickname by church members when referring to the Defendant. The Defendant has at all times gone by the legal name of Anthony Oloans, and the Magistrate Judge therefore erred in this finding. Lastly, the Defendant poses no serious threat to anyone in the community. If the Court felt that he did, the least restrictive but most effective means of curtailing this threat would be to place bond order provisions on the Defendant that state explicitly that he will not contact certain individuals involved in this case and that doing so would violate the terms of his pre-trial release. The Defendant would even be willing to have an ankle monitor to track his movements during pre-trial release, if the Court would be so inclined.

## CONCLUSION

Based on the foregoing, the Defendant hereby respectfully requests that the District Court revoke the Magistrate Judge's Detention Order immediately and release the Defendant from custody pending trial.

Respectfully submitted this 3rd day of November, 2025.

W. Joseph Turner
Attorney for Defendant
State Bar No.: 513605

The Turner Firm, LLC
Attorneys at Law
104 W. State Street, Suite 230
Post Office Box 8905
Savannah, GA 31412
T: (912) 226-7662
F: (912) 226-7664

## **CERTIFICATE OF SERVICE**

I hereby certify that this day I have served counsel for all parties with a copy of the foregoing pleading by filing through the CM/ECF system.

This __3rd__ day of __November__, 2025.

/s/ W. Joseph Turner
W. Joseph Turner
Attorney for Defendant
State Bar No.: 513605

The Turner Firm, LLC
Attorneys at Law
104 W. State Street, Suite 230
Post Office Box 8905
Savannah, GA 31412
T: (912) 226-7662
F: (912) 226-7664