IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA     *

                         *

v.                        *     CR 125-062

                         *

ANTHONY OLOANS            *

## O R D E R

Pursuant to 18 U.S.C. § 3145(b), Defendant Anthony Oloans has filed an appeal from the United States Magistrate Judge's September 30, 2025 Detention Order. After an independent and *de novo* review of the entire record, all arguments on appeal, and the relevant law, the Court finds that detention is appropriate and therefore affirms the Detention Order.

### I.   LEGAL STANDARD

When the government seeks to detain a defendant pending trial under the Bail Reform Act, the Court must determine whether any "condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). A hearing for that purpose will be conducted upon motion of the Government in a case that involves "a serious risk that such person will flee" or "a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a

prospective witness or juror." 18 U.S.C. § 3142(f)(2)(A)-(B). The government bears the burden of demonstrating a serious risk of flight by a preponderance of the evidence. United States v. Medina, 775 F.2d 1398, 1402 (11th Cir. 1985). The burden for proving that no condition or combination of conditions will reasonably assure the safety of others or the community is by clear and convincing evidence. Id.

This Court's review of the Magistrate Judge's decision is *de novo*. United States v. Hurtado, 779 F.2d 1467, 1481 (11th Cir. 1985) (stating the district court "is not constrained to look for abuse of discretion or to defer to the judgment of the prior judicial officer" when reviewing detention decisions). The Court considers the following relevant factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against Defendant; (3) the history and characteristics of Defendant, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearances at court proceedings; and (4) the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release. 18 U.S.C. § 3142(g).

In conducting the review, this Court may rely entirely on the pleadings and evidence developed during the Magistrate Judge's

2

detention proceedings, or it may conclude that additional evidence is necessary and conduct its own evidentiary hearing. United States v. King, 849 F.2d 485, 489-90 (11th Cir. 1988) ("In United States v. Gaviria, 828 F.2d 667 (11th Cir.1987), a panel of [the Eleventh] circuit . . . implicitly rejected the notion that Hurtado's 'independent review' requirement obligates the district court judge to conduct a de novo hearing when reviewing the magistrate's detention order.").

Here, although Defendant requests a hearing to present additional evidence, (doc. 112, p. 4), none is necessary in light of the fulsome record developed in connection with the detention hearing.  Thus, Defendant's request for a hearing is denied.

## II.  DISCUSSION

The Magistrate Judge concluded the government proved (1) by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community; and (2) by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the unobstructed administration of justice. (Doc. 72, p. 4.) On the detention form, the Magistrate Judge checked the following factors as weighing in favor of detention (1) the weight of evidence is strong; (2)  Defendant is subject to a lengthy period of confinement if convicted; (3) Defendant used aliases and false documents; and (4) Defendant's release poses a serious danger to

3

any person or the community. (Id.) In the further explanation section of the detention order, the Magistrate Judge stated:

> Defendant poses a serious risk of obstructing justice, interfering with witnesses, and continuing the alleged scheme. Indeed, the government presented substantial evidence, and a detailed proffer, describing Defendant's actions to tyrannize church members, coerce many to perform illegal acts against their self-interests, and obstruct members' efforts to assert their property rights and leave the church. Defendant made a mockery of the courts and justice system by (1) making material misrepresentations in real estate and bankruptcy filings, a Fannie Mae investigation, and a deposition; and (2) continuing the scheme after a civil investigation by the U.S. Attorney's Office. While in jail after the indictment issued, Defendant told his wife to hide flash drives and charge burner phones with no explanation and no mention of the intent to preserve these items as evidence.

(Id.)

In his motion, Defendant argues the Magistrate Judge erred in finding Defendant was a serious flight risk, presents a serious risk of obstructing justice, and is a serious risk of danger to other persons and the community. (Doc. 112.) As an initial matter, the Magistrate Judge did not conclude Defendant is a serious flight risk. (See doc. 72.) Instead, as a careful reading of the Detention Order makes clear, he found by a preponderance of the evidence that no set of conditions will reasonably assure the unobstructed administration of justice. The Court thus turns its attention to explaining why, under the § 3142(g) factors, the Magistrate Judge correctly found that Defendant presents a serious and unacceptable risk of obstructing justice and dangerousness to others.

4

The government proffer firmly established that the weight of the evidence against Defendant for his role in the alleged bank fraud scheme is strong. (Court's recording system, *For the Record* ("FTR") 02:18:20-03:07:451 (Sep. 18, 2025); see also doc. 80.) Furthermore, the nature of the alleged scheme itself, in which Defendant repeatedly made material misrepresentations in legal instruments and bankruptcy filings, weighs heavily in favor of finding he is a serious risk of obstructing justice. (See id.) What's more, the government proffered evidence that Defendant routinely threatened church members, coerced them to buy houses they never lived in, and engaged in acts of intimidation and threats. (FTR 03:07:59-03:11:10.) Furthermore, in recorded jail calls after Defendant was indicted, he instructed his wife to hide flash drives and cell phones used in connection with the scheme. (FTR 05:39:30-05:42:29.)

Ultimately, although the Court has carefully considered the facts and evidence proffered by Defendant in support of release on bond, (FTR 04:14:00-05:03:40), the Court finds the government's presentation far more convincing. Therefore, the Court concludes (1) by a preponderance of the evidence that no condition or combination of conditions can reasonably assure the unobstructed administration of justice; and (2) by clear and convincing evidence that no condition or combination of conditions can reasonably assure the safety of other persons and the community.

## III. CONCLUSION

For these reasons, the Court **DENIES** Defendant's motion to revoke the Magistrate Judge's detention order, (doc. 112), and **AFFIRMS** the Magistrate Judge's September 30, 2025 Detention Order, (doc. 72). Because the Court has conducted an independent, *de novo* review of the relevant record, Court **DENIES** the government's motion to dismiss Defendant's revocation motion. (Doc. 114.)

**ORDER ENTERED** at Augusta, Georgia, this ___10ᵗʰ___ day of December, 2025.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA