IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 125-062 |
| | ) | |
| ANTHONY OLOANS | ) | |

## **WAIVER OF RIGHT TO CONFLICT-FREE COUNSEL**

I understand that "joint representation" means the representation by the same lawyer or law firm of more than one person who are informants, witnesses, suspects, or defendants in the same or related criminal cases. I understand that there are a variety of ways in which joint representation might work to the disadvantage of a defendant. The Court has explained to me some of the conflicts of interest and other problems that can be caused by joint representation, as follows:

    a. Joint representation may inhibit a lawyer from conducting an independent investigation in support of each client's case. For example, the attorney-client privilege might prevent the lawyer from communicating information gathered from one client to another.

    b. The government may offer immunity or recommend a lesser sentence to one client in exchange for cooperation with the government. A lawyer is duty bound to communicate such an offer to the client and provide sound, objective advice regarding whether to accept it. However, acceptance of the offer might not be in the best interests of the other client and could harm the other client.

    c. The government may allow one client to plead guilty but require as a condition of the plea agreement that the client testify against other defendants in the case. A lawyer would be conflicted as to whether to recommend acceptance of the offer, knowing that it could result in

testimony against the other client. Furthermore, in the event the client accepted the offer, the lawyer might have to cross-examine that client at the trial of the other client. A lawyer should cross-examine witnesses completely and thoroughly, but that may not be possible in the context of joint representation for the reasons explained below in paragraph e.

d. One client may take the stand in his own defense at trial while another client may not testify and instead elect to exercise his right to remain silent. In order to represent the non-testifying client, the lawyer should cross-examine the testifying client completely and thoroughly. That may not be possible in the context of joint representation for the reasons explained below in paragraph e.

e. Cross-examination should be thorough and complete. That may not be possible when the attorney conducting the cross examination represents the witness. The lawyer still owes a duty of loyalty to the testifying client, so he cannot make that client appear guilty or untruthful. In addition, the lawyer may possess information that is relevant to and should be addressed during the cross examination, but he cannot mention that information during cross examination if he learned it through privileged attorney/client communications with the testifying client.

f. Joint representation might affect how a lawyer selects a jury. One client might like a juror that the other client might not like, and a juror that is favorable to one client may not be favorable to the other client.

g. Evidence that helps one client's case may hurt the other client's case, leading to conflicts about what evidence the defense should rely on and what evidence of the government's the defense should challenge.

h. Each client might have a different strategy. For example, a best defense for one client might be simply an argument that the proof points to co-defendants, not to him. A lawyer with two clients as co-defendants could not pursue that line of defense.

h. Joint representation may prohibit a lawyer from arguing relative culpability. In other words, a lawyer representing two defendants could not point to one of his clients and argue that he is more or less culpable than the other client.

I understand that this list of potential problems and conflicts of interest is non-exhaustive, and that joint representation can cause many other problems and conflicts of interest depending on the unique facts and circumstances of each case.

The Court has explained to me that, under the Constitution of the United States and Rule 44 of the Federal Rules of Criminal Procedure, I have the right to be represented by a lawyer who does not have any conflict of interest. That is, I have a right to be represented by a lawyer whose loyalty to me is not at all compromised by representation of any other person or entity, or by any other interest, including my lawyer's self-interest.

I also understand that if I wanted to change lawyers because my current lawyer might have a conflict of interest, the Court would appoint a different lawyer to represent me, at no cost to me if I qualify for court-appointed counsel. Alternately, I am free to hire a different lawyer of my own choosing if I can afford to do so.

After speaking with the Court and my current lawyer, I voluntarily and knowingly give up my right to have a different lawyer represent me in the above-styled case. I want to continue being represented by my current lawyer. I further understand that by giving up my right to have a different lawyer represent me in this case, I am giving up the right to claim on appeal of any conviction or sentence, and in any habeas corpus proceeding, that my lawyer did not provide effective assistance of counsel because he/she had a conflict of interest.

I have not been promised any benefit or threatened with any adverse action or consequences as a result of the decision I have made concerning my legal representation. I have made my decision voluntarily and of my own free will.

I have read this form or had it read to me. I understand I have the right to ask the Court about anything explained in this form that I do not fully understand. After reading it, I fully understand it. I also understand that I have the right to consult in private with a lawyer specially appointed by the Court about my present lawyer's potential conflicts of interest. I

do not believe that such independent consultation is necessary and have therefore waived that right.

This ___15th___ day of ___December___, 2025

                                                                  Anthony Oloans

## ATTORNEY'S CERTIFICATE

I presently represent _Anthony Olari_ and _Bernadel Semetart_, who are informants, witnesses, suspects, or defendants in the same or related criminal cases. I hereby certify that I have advised each client of the potential problems and conflicts of interest presented by virtue of my joint representation. I also explained to each of them, and I understand, that I have an independent duty to withdraw from joint representation if there exists an actual conflict of interest that will prevent me from adequately representing both clients jointly. I further certify that I have personally investigated each client's case and that, in my professional opinion, there is no presently known conflict of interest that would interfere with my ability to render each such client effective assistance.

This the _17th_ day of _December_, 2025.

_____
William Joseph Turner
Attorney for Defendants