UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                    )<br>)<br>ANTHONY S. OLOANS            )<br>Defendant                        ) | Case No. 1:25CR62 |

## DEFENDANT'S MOTION FOR SECURED COMMUNICATION LINE FOR PRIVILEGED COMMUNICATION

COMES NOW ANTHONY S. OLOANS, Defendant in the above-styled matter, and through his attorney of record hereby files this DEFENDANT'S MOTION FOR SECURED COMMUNICATION LINE FOR PRIVILEGED COMMUNICATION, showing this Honorable Court as follows:

### BACKGROUND

On September 10, 2025, Defendant was arrested on the basis of a grand jury arrest warrant issued in connection with the Indictment in this case (Doc. 3). Defendant had his Initial Appearance on September 11, 2025, and he had his Arraignment on September 18, 2025 (Docs. 22 & 47). A Detention Hearing was conducted on September 18, 2025 (Doc. 47) and on September 30, 2025, the Magistrate Judge entered an Order for Detention (Doc. 72). Defendant is currently being housed in the Jefferson County Detention Center in Louisville, Georgia.

Since Defendant is detained, his primary means of communicating with his wife, Tamara Escudero Oloans, and his attorney is by telephone through the Jail's HomeWAV service. Defendant's attorney has been able to secure a private, non-monitored line for the important conversations between himself and Defendant. However, the Defendant and his wife have been refused a private line, despite asking for the Jail to accommodate this reasonable request.

## ARGUMENT

First of all, Defendant and his wife are entitled to spousal privilege with regards to their communications. Courts across the United States, including the U.S. Supreme Court, have long recognized that communications made between spouses during the marriage are privileged if the communication is intended to be private and made in reliance on the sanctity of marriage. In the current situation, the Jail's telephone system states before the Defendant speaks to his wife that "all calls are being recorded and are subject to monitoring." While this would seem to stand against the Defendant's spousal privilege, it actually illustrates the problem well. Although the Jail seeks to make the Defendant's conversations with his spouse unprivileged, it is the Defendant's intention for the conversation to be private that should control the spousal privilege. In other words, Defendant is being forced to waive the spousal privilege to speak to his wife on the phone. This strikes an obvious chord with fairness and application of the privilege, especially since Defendant is currently presumed innocent and is awaiting trial, as opposed to a federal inmate who is in a post-conviction state. It can therefore not be argued that Defendant is knowingly waiving his spousal privilege by using the jail phone, as that inference is being stuffed down his throat by the jail phone system.

Furthermore, while the jail may have an interest in monitoring these spousal phone calls for the safety and security of the jail, this interest pales in comparison to the Defendant's constitutional interests. What the jail is doing is essentially eavesdropping, a drastic and invasive action that is normally limited to situations where applications and affidavits are stringently scrutinized by the Court prior to allowing such behavior to exist. The Jefferson County Detention Center is effectively denying Defendant of his constitutional rights to prepare his case and discuss his personal affairs in private. Even under current case law, the pretrial inmate has

an important degree of constitutional rights, including the Fifth and Sixth Amendment rights, which should include the right to communicate without disclosure of those communications to the prosecution. *See* Bell v. Wolifsh, 441 U.S. 520, 545 (1979), *recognizing* that "pretrial detainees retain constitutional protections despite their confinement." Here, the recording of the Defendant's phone calls is being used by the prosecution to prevent him from discussing the evidence, possible witnesses, and testimony that he would like to present to the Court in his defense because Defendant knows that the Government has open access to his telephone communications. Indeed, the damage of not having a private line has already been reflected in the fact that Defendant was denied pretrial release because, among other things, the Court considered that the "Defendant told his wife to hide flash drives…with no explanation and no mention of the intent to preserve these items as evidence." (Doc.72-1 at 3). Although in actuality the Defendant was trying to preserve evidence for his defense in this request of his wife (which did not work, as these materials have been stolen from the Defendant since his initial detention), the Government was able to spin Defendant's words and use them against him before this Court. This jeopardized and prejudiced the Defendant from obtaining pretrial release, which serves as a tremendous harm to both Defendant's day-to-day life and the preparation of his defense.

The dangers of the Government accessing the private, privileged telephone communications between Defendant and his wife are clearly evident. It should also be noted that these actions are being taken against an individual who is presumed innocent and is trying to mount a defense to the most serious accusations that he has ever faced in his life. This bludgeoning of Defendant's rights must be stopped, and the way to do that is to give Defendant a private line of communication with his wife. If the Court is concerned about the Jail maintaining

3

its security, then Defendant would request that the facility be instructed that while it alone may monitor Defendant's phone calls, those calls should not be turned over or made available to the Government or unnecessary law enforcement in any way.

## CONCLUSION

THEREFORE, Defendant respectfully requests that this Honorable Court enter an Order directing the Jefferson County Detention Center to provide Defendant with a private and secure line of communication for him to utilize for private conversations with his spouse.

Respectfully submitted this 20th day of January, 2026.

/s/ W. Joseph Turner
W. Joseph Turner
Attorney for Defendant
State Bar No.: 513605

The Turner Firm, LLC
Attorneys at Law
104 W. State Street, Suite 230
Post Office Box 8905
Savannah, GA 31412
T: (912) 226-7662
F: (912) 226-7664

4

## CERTIFICATE OF SERVICE

I hereby certify that this day I have served counsel for all parties with a copy of the foregoing pleading by filing through the CM/ECF system.

This 20th day of January, 2026.

*/s/ W. Joseph Turner*
W. Joseph Turner
Attorney for Defendant
State Bar No.: 513605

The Turner Firm, LLC
Attorneys at Law
104 W. State Street, Suite 230
Post Office Box 8905
Savannah, GA 31412
T: (912) 226-7662
F: (912) 226-7664