UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| V. | ) Case No. 1:25CR62 |
| | ) |
| ANTHONY S. OLOANS | ) |
| Defendant | ) |

### DEFENDANT'S MOTION FOR NEW DETENTION HEARING

COMES NOW ANTHONY S. OLOANS, Defendant in the above-styled matter, and through his attorney of record hereby files this DEFENDANT'S MOTION FOR NEW DETENTION HEARING, showing this Honorable Court as follows:

### BACKGROUND

On September 10, 2025, Defendant was arrested on the basis of a grand jury arrest warrant issued in connection with the Indictment in this case (Doc. 3). Defendant had his Initial Appearance on September 11, 2025, and he had his Arraignment on September 18, 2025 (Docs. 22 & 47). A Detention Hearing was conducted on September 18, 2025 (Doc. 47) and on September 30, 2025, the Magistrate Judge entered an Order for Detention (Doc. 72). Defendant subsequently appealed the Magistrate's decision, and that decision was upheld by the District Court (Doc. 131). Defendant is currently being housed in the Jefferson County Detention Center in Louisville, Georgia.

### ARGUMENT

Defendant is entitled to a new detention hearing. Although the Defendant has previously had a detention hearing, "the hearing may be reopened…at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing

and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). Additionally, "...the person shall be afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise." Id.

In this case, the first detention hearing that Defendant had was a mere skeleton hearing based largely on proffers by the Government. The Defendant did not have the opportunity to present any witnesses or testimony to assert his position that he is not a flight risk and, maybe more importantly, to show that he is not a danger to the community. As to the Government's proffer that Defendant is a risk to interfere with witnesses and continue the "scheme" that is alleged here, the Defendant has several witnesses, including his wife Tamara Oloans, that can provide testimony that Defendant has lost access to any documents or other materials that would be needed to continue to assert any influence over church members because these items have recently been stolen from Defendant's possession. At present, Defendant has no access whatsoever to any property records, loan records, or other documents that would be necessary to exert any influence over anyone. This evidence can be presented at a future detention hearing via live testimony. This information was not known to Defendant at the time of his initial detention hearing, and it weighs overwhelmingly in favor of Defendant not being a risk to obstruct justice, influence witnesses, or continue any scheme.

Additionally, Defendant can provide testimony and evidence to show that he has neither made any material representations on any court filings, nor has he continued any scheme after a civil investigation. Such evidence will be presented via physical exhibits, witness testimony, and brief proffers by Defendant's new counsel that was not present at the initial detention hearing.

2

Defendant can also call witnesses to address what he meant to convey when he directed his wife to preserve burner phones and flash drives for his defense, and indeed the Defendant himself may wish to testify at the hearing to tell the Court his intentions behind those statements. These are all the reasons given by the Magistrate in denying the Defendant's pretrial release at his first detention hearing (Doc. 72-1).

Defendant has no criminal history, and he has resided in the Hinesville, GA area for decades. All of his family is still in that area, and if the Court is concerned about the Defendant fleeing the jurisdiction, then an ankle monitor can be installed on Defendant to track his whereabouts at the Defendant's expense. It is also worth noting that all of the co-defendants in this case have been released on pretrial bond conditions, except for Defendant "Rony Denis" who has immigration and other concerns that this Defendant does not have.

Both the Bail Reform Act of 1984 and 18 U.S.C. § 3142 contain significant language favoring pretrial release where conditions can be fashioned to ensure the Defendant's presence in court while keeping the community safe. The initial detention hearing was woefully inadequate to address the Defendant's true risk and the facts that support his release. As a result, the Defendant, who is presumed innocent, has suffered great personal loss of liberty and his continued detention is imposing significant hardships on his ability to adequately prepare his defense for trial.

## CONCLUSION

THEREFORE, Defendant respectfully requests that this Honorable Court enter an Order granting him a new Detention Hearing as soon as possible so that he can present witnesses and physical evidence to support his release. While the Defendant acknowledges that a new hearing will inconvenience the Court and take time to conduct, the importance of pretrial release is so

great as to lead the Defendant to respectfully request that he be allowed to present facts to grant him his liberty until he is proven guilty of any criminal wrongdoing.

Respectfully submitted this 21st day of January, 2026.

/s/ W. Joseph Turner
W. Joseph Turner
Attorney for Defendant
State Bar No.: 513605

The Turner Firm, LLC
Attorneys at Law
104 W. State Street, Suite 230
Post Office Box 8905
Savannah, GA 31412
T: (912) 226-7662
F: (912) 226-7664

## CERTIFICATE OF SERVICE

I hereby certify that this day I have served counsel for all parties with a copy of the foregoing pleading by filing through the CM/ECF system.

This 21st day of January, 2026.

/s/ W. Joseph Turner
W. Joseph Turner
Attorney for Defendant
State Bar No.: 513605

The Turner Firm, LLC
Attorneys at Law
104 W. State Street, Suite 230
Post Office Box 8905
Savannah, GA 31412
T: (912) 226-7662
F: (912) 226-7664