IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No.: 1:25-CR-62 |
| ) | |
| ANTHONY OLOANS ) | |
| ) | |
| Defendant. ) | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR NEW DETENTION HEARING (DOC. 144)

NOW COMES the United States of America, by and through the United States Attorney, Margaret E. Heap, the undersigned Assistant United States Attorney and responds as follows to the Defendants' joint motion:

The Government urges the Court to deny the Defendant's Motion For A New Bond Hearing and states as follows:

On September 18, 2025, the Court held a detention hearing in the above-styled case. The Government presented a proffer of evidence and introduced 18 exhibits. The Defendant was allowed to offer evidence, a proffer, and to call witnesses. He did not call any witnesses but did offer argument and proffered information to the Court for consideration.

The Court entered an Order denying the Defendant's release. (Doc. 72) The Order stated:

> Defendant poses a serious risk of obstructing justice, interfering with witnesses, and continuing the alleged scheme. Indeed, the government presented substantial evidence, and a detailed proffer, describing Defendant's actions to tyrannize church members, coerce many to perform illegal acts against their self-interests, and obstruct members'

efforts to assert their property rights and leave the church. Defendant made a mockery of the courts and justice system by (1) making material misrepresentations in real estate and bankruptcy filings, a Fannie Mae investigation, and a deposition; and (2) continuing the scheme after a civil investigation by the U.S. Attorney's Office. While in jail after the indictment issued, Defendant told his wife to hide flash drives and charge burner phones with no explanation and no mention of the intent to preserve these items as evidence. (Id. at 3)

Subsequently, the Defendant filed a Motion to Revoke the Magistrate's Judges' Detention Order (Doc. 112) After, a de novo review, the District Court denied the Motion to Revoke (doc. 131) and stated: "although Defendant requests a hearing to present additional evidence, (citation omitted) none is necessary in light of the fulsome record developed in connection with the detention hearing." (Id. at 3)

Now, the Defendant has requested a new bond hearing alleging that the first bond hearing was "a mere skeleton hearing." (Doc 144 at 2). He also claims that at the first hearing he was not allowed to present "witnesses or testimony" (Id.) Both of these assertions are simply untrue. The defendant was afforded the opportunity to present argument, testimony, exhibits, and anything else that could have been meaningful the Court's determination in this matter.

The Defendant now asserts, without specificity, that "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions or release that will reasonable assure the appearance of the person as required and the safety of any person and the community." 18 U.S.C. § 3142(f)(2).

> [T]o warrant the reopening of a detention hearing, a defendant must show that: (1) there is new information that did not exist or was unknowable at the time of the hearing; and (2) the new information has a material bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's appearance at trial and the safety of the community. See United States v. Watson, 475 F. App'x 598, 600 (6th Cir. 2012); United States v. Peralta, 849 F.2d 625, 626 (D.C. Cir. 1988). 'Courts have interpreted this provision strictly, holding that hearings should not be reopened if the evidence was available at the time of the initial hearing' or is not material. United States v. Pon, No. 3:14-CR-75-J-39PDB, 2014 WL 3340584, at *3 (M.D. Fla. May 29, 2014). Furthermore, even if a defendant submits new information that is material, the statute's use of the word "may" provides the district court with discretion in this arena. There is no requirement to reopen a detention hearing. United States v. Brown, No. 8:21-CR-348-SCB-SPF, 2022 WL 309430, at *2 (M.D. Fla. Feb. 2, 2022).

United States v. Miller, No. 2:24-CR-1-SPC-KCD, 2024 WL 2318187, at *1 (M.D. Fla. May 22, 2024).

The Defendant has made no proffer of any evidence that did not exist or was unknowable at the time of his detention hearing. He has provided nothing to show that any new information would be material to the Court's determination as to release. Furthermore, it is in the Court's discretion to deny the request for a second hearing even if there is new, material information.

For the foregoing reasons, the Government request that the Coury deny the Defendant's motion.

Respectfully submitted this 22nd day of January, 2026.

MARGARET E. HEAP<br>
UNITED STATES ATTORNEY

*s/ Patricia Green Rhodes*
Patricia Green Rhodes
Assistant United States Attorney
Chief, Criminal Division
Georgia Bar No. 307288
P.O. Box 2017
Augusta, GA  30903
(706) 826-4534

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served the foregoing on all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 22nd day of January 2026.

>MARGARET E. HEAP
>UNITED STATES ATTORNEY
>
>***/s/ Patricia Green Rhodes***
>Patricia Green Rhodes
>Assistant United States Attorney
>Chief, Criminal Division
>Georgia Bar No. 307288
>P.O. Box 2017
>Augusta, Georgia 30903
>706-826-4534
>patricia.rhodes@usdoj.gov