IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:25-CR-62-2 |
| | ) | |
| ANTHONY S. OLOANS | ) | |
| | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO**
**DEFENDANT'S MOTION FOR SECURED COMMUNICATION LINE**

Comes Now, the United States of America, by and through its undersigned counsel, and hereby files this response in opposition to Defendant's Motion for Secured Communication Line. (Doc. 143.)

Defendant Anthony S. Oloans moves the Court for an Order directing the Jefferson County Detention Center ("JCDC") to grant him a special privilege, access to a private and secure line of communication (arranged by his attorney) for conversations with his spouse. Defendant is attempting to circumvent JCDC's standard policy regarding phone privileges for inmates. His motion should be denied.

Defendant's status as a pretrial detainee does not afford him any privacy rights in telephone conversations above and beyond those of incarcerated convicted defendants. Under the circumstances, he does not possess an objectively reasonable and constitutionally sanctioned expectation of privacy. Maintaining institutional security and preserving internal order and discipline are essential goals that require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees. Granting Defendant a private line of

communication to his spouse would undermine institutional security, internal order and discipline. Defendant fails to cite a single case where a private line between a pretrial detainee and a spouse was authorized by a court.

Defendant has been housed, pending trial, at the JCDC. The JCDC is a detention facility located in Louisville, Georgia, which houses both federal and state prisoners. The inmates have access to outgoing phones through the jail's HomeWAV system and may make telephone calls on these phones. The calls of inmates (except with their attorney) are subject to recording and monitoring as part of the jail's routine security procedures. At the commencement of each and every phone conversation with a non-attorney, a recorded voice message informs the parties to the call that the call is subject to monitoring and recording. Defendant claims the recording of his calls "is being used by the prosecution to prevent him from discussing evidence, possible witnesses, and testimony that he would like to present to the Court …" That is simply not true. Defendant can have such confidential discussions with his attorney on an unmonitored line provided by the JCDC.

**No Expectation of Privacy**

It is well settled that the Fourth Amendment is not implicated unless the government intrudes into an area "in which there is a 'constitutionally protected reasonable expectation of privacy.'" *New York v. Class,* 475 U.S. 106 (1986) (citing *Katz v. United States,* 389 U.S. 347 (1967) (Harlan, J., concurring). A "constitutionally protected reasonable expectation of privacy" exists only (1) when an individual has an "actual subjective expectation of privacy in the place to be searched"

2

and (2) society is objectively prepared to recognize that expectation. *Van Poyck,* 77 F.3d at 290, *citing United States v. Davis,* 932 F.2d 752, 756 (9th Cir. 1991).

The Supreme Court has recognized that "a detention facility is a unique place fraught with serious security dangers." *Bell v. Wolfish,* 441 U.S. 520, 559 (1979). "Simply because prison inmates retain certain constitutional rights does not mean that these rights are not subject to restrictions and limitations." *Bell v. Wolfish*, 441 U.S. at 546. "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston*, 334 U.S. 266, 285 (1948).

"[C]entral to all other corrections goals is the institutional consideration of internal security within the corrections facilities themselves." *Pell v. Procunier, supra*, 417 U.S., at 823; see *Jones v. North Carolina Prisoners' Labor Union, supra*, 433 U.S., at 129; *Procunier v. Martinez*, 416 U.S. 396, 412 (1974). Prison officials must be free to take appropriate action to ensure the safety of inmates and corrections personnel and to prevent escape or unauthorized entry. Accordingly, the Supreme Court has held that even when an institutional restriction infringes a specific constitutional guarantee, such as the First Amendment, the practice must be evaluated in the light of the central objective of prison administration, safeguarding institutional security. *Jones v. North Carolina Prisoners' Labor Union,* 433 U.S. at 129; *Pell v. Procunier,* 417 U.S. at 822; *Procunier v. Martinez,* 416 U.S. at 412–414.

The courts have repeatedly held that "any expectation of privacy in outbound calls from prison is not objectively reasonable and that the Fourth Amendment

3

therefore is not triggered by the routine taping of such calls." *United States v. Van Poyck,* 77 F.3d at 291. *See United States v. Sababu,* 891 F.2d 1308, 1329 (7th Cir. 1989). *See also Unites States v. Green,* 2006 WL 1637129 (9th Cir. 2006) (unpub.); *United States v. Gragi,* 57 Fed. Appx. 809 (10th Cir. 2003) (unpub.); *Williams v. Nelson,* 2004 WL 283066 (W.D. Wis. 2004) (unpub.)

Prison inmates impliedly consent to the interception of their telephone calls when the inmates are fully informed of the monitoring and recording system, and notices posted above phones explicitly state that use of the institutional phones constitutes consent to monitoring. *United States v. Footman*, 215 F.3d 145, 155 (1st Cir. 2000) (prisoners have no *per se* constitutional right to use a telephone; there is little reason to believe that Congress was concerned with the privacy interests of prison inmates). Defendant's status as a pretrial detainee does not afford him any privacy rights in telephone conversations above and beyond those of incarcerated convicted defendants. *Bell v. Wolfish,* 441 U.S. 520, 546 (1979) (prison security and institutional order are "essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees."). Thus, there is no Fourth Amendment violation when pretrial detainees' calls are recorded pursuant to an institution's normal security procedures. *United States v. Willoughby*, 860 F.2d 15, 21 (2d Cir. 1988).

The Fourth Amendment does not apply here because Defendant has no actual, subjective expectation of privacy in his telephone calls to his wife. Having had no expectation of privacy, Defendant cannot complain that his Fourth

4

Amendment rights were violated when his calls were recorded with his knowledge. He cites no caselaw where a court authorized the use of a separate, private line of communication for an inmate and his spouse.

The Fifth Amendment's Due Process clause states that "No person shall ...be deprived of life, liberty, or property, without due process of law." To establish a substantive Due Process claim, "the plaintiff must allege 'conduct intended to injure in some way unjustifiable by any government interest' and that is 'conscience-shocking' in nature." *Mitchell v. McNeil* 487 F.3d 374, 376 (6th Cir. 2007). The standard of substantive due process violations involves "conduct that is so outrageously arbitrary as to constitute a gross abuse of government authority." *Natale v. Town of Ridgefield,* 170 F.3d 258, 263 (2d Cir. 1998). See *County of Sacramento v. Lewis,* 523 U.S. 833, 846 (1998) ("Only the most egregious official conduct can be said to be arbitrary in the constitutional sense."). Furthermore, the Supreme Court "has always been reluctant to expand the concept of substantive due process because guideposts for responsible decision making in this unchartered area are scarce and open-ended." *Collins v. City of Harker Heights,* 503 U.S. 115, 125 (1992).

The government's actions are not arbitrary because standard procedure at a detention facility involves monitoring phone conversations. The detention facility must monitor phone conversations of inmates for obvious safety reasons. The government conduct is justifiable and reasonable because Defendant remains in a pretrial detention facility.

5

For the foregoing reasons, Defendant's request for a private line (obtained by his attorney) to communicate with his spouse should be denied.

MARGARET E. HEAP
UNITED STATES ATTORNEY

*/s/ George J.C. Jacobs, III*

George J.C. Jacobs, III
Assistant United States Attorney
District of Columbia Bar Number 419016
United States Attorney's Office
Southern District of Georgia
Post Office Box 2017
Augusta, Georgia 30903
T: (706) 724-0517
Email: George.J.C.Jacobs@usdoj.gov

## **CERTIFICATE OF SERVICE**

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 26th day of January 2026.

                                        MARGARET E. HEAP
                                      UNITED STATES ATTORNEY

*/s/ George J.C. Jacobs, III*

George J.C. Jacobs, III
Assistant United States Attorney
District of Columbia Bar Number 419016
United States Attorney's Office
Southern District of Georgia
Post Office Box 2017
Augusta, Georgia 30903
T: (706) 724-0517
Email: George.J.C.Jacobs@usdoj.gov