**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **V.** | ) | **Case No. 1:25CR62** |
| | ) | |
| **ANTHONY S. OLOANS** | ) | |
| **Defendant** | ) | |

## DEFENDANT'S MOTION FOR TRANSFER OF CUSTODY

COMES NOW ANTHONY S. OLOANS, Defendant in the above-styled matter, and through his attorney of record hereby files this DEFENDANT'S MOTION FOR TRANSFER OF CUSTODY, showing this Honorable Court as follows:

## BACKGROUND

On September 10, 2025, Defendant was arrested on the basis of a grand jury arrest warrant issued in connection with the Indictment in this case (Doc. 3). Defendant had his Initial Appearance on September 11, 2025, and he had his Arraignment on September 18, 2025 (Docs. 22 & 47). A Detention Hearing was conducted on September 18, 2025 (Doc. 47) and on September 30, 2025, the Magistrate Judge entered an Order for Detention (Doc. 72). Defendant subsequently appealed the Magistrate's decision, and that decision was upheld by the District Court (Doc. 131). Soon after, Defendant filed another Motion for Detention Hearing, but this Motion was denied as well. (Doc. 150). Defendant is currently being housed in the Jefferson County Detention Center in Louisville, Georgia.

## ARGUMENT

Defendant hereby requests that the Court transfer him from the Jefferson County Detention Center to a facility that is more readily accessible to his attorney so that he can prepare

his defense for trial.  Defense counsel is located in Savannah, Georgia, and it is approximately two and a half hours (one way) for counsel to see Defendant in Jefferson County.  While Defendant realizes that the choice of counsel is his and he chose to retain counsel that is somewhat distant from his location, it should be noted that this issue would be present if Defendant's counsel were from Atlanta (approximately two and a half hours from the jail), Macon (approximately one hour and a half from the jail), or even Augusta (approximately one hour from the jail).  It is impossible for counsel to adequately review the voluminous discovery in this case with the Defendant while he is so geographically remote, and the problems will only magnify as the trial date gets closer.  In-person meetings are vitally necessary to prepare an adequate defense, and it is patently unfair to Defendant to hold him in a jail that prevents him from being able to defend against the serious charges that he faces.

Furthermore, the only other way for counsel to communicate with Defendant is through the use of the Home WAV communication system.  This system is rife with errors.  Some days, it is impossible to communicate at all because the Home WAV system is "down."  At other times, the connection has cut out or had other technical issues.  To counsel's surprise, some calls are still monitored despite the fact that counsel is supposed to be provided with a secure line so that he can discuss legal matters with his client in private.  This is unlawful and threatens the most basic tenant of attorney/client privileged communications.  It should also be noted that calls are limited to fifteen (15) minute intervals, so trying to communicate with Defendant in any meaningful way gets thwarted by what amounts to a shot clock.  This is no way to have legal communications.

Additionally, the Jefferson County Detention Center does not meet the standards of a facility that should house federal inmates.  It is terribly overcrowded—at least three roommates

are always present when Defendant is trying to talk to his counsel, not to mention the crazy party scene that is going on in the background from the general jail population.  Counsel has personally been told by jail staff that his visitations can be cut off at any time for simple reasons, such as trying to review evidence on a cellular phone while meeting.  Furthermore, Defendant's religious rights are often trampled on by the jail staff who refuse to let him go to another dorm for a period of time so that he can read his Bible in peace or merely pray.  There are no religious services provided in the Jefferson County Detention Center.  This is not the kind of facility that the federal government should endorse by allowing the Jail to house its inmates.

## CONCLUSION

THEREFORE, Defendant respectfully requests that this Honorable Court enter an Order transferring custody of Defendant to another facility.  The jails in Chatham County, Bulloch County, or McIntosh County come to mind as places that can and do house federal inmates and would be closer to defense counsel so that they can prepare an adequate defense.  When it comes time to transport Defendant to Augusta for trial, he can easily be transferred back to another jail that is closer for that transport.  The same could be accomplished for any motions hearings.

Respectfully submitted this 27th day of March, 2026.

W. Joseph Turner
Attorney for Defendant
State Bar No.: 513605


The Turner Firm, LLC
Attorneys at Law
104 W. State Street, Suite 230
Post Office Box 8905
Savannah, GA 31412
T: (912) 226-7662
F: (912) 226-7664

4

## CERTIFICATE OF SERVICE

I hereby certify that this day I have served counsel for all parties with a copy of the foregoing pleading by filing through the CM/ECF system.

This _27th day of March, 2026.

W. Joseph Turner
Attorney for Defendant
State Bar No.: 513605

The Turner Firm, LLC
Attorneys at Law
104 W. State Street, Suite 230
Post Office Box 8905
Savannah, GA 31412
T: (912) 226-7662
F: (912) 226-7664

5