**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 1:25-CR-62-2** |
| | ) | |
| **ANTHONY OLOANS** | ) | |
| | ) | |
| **Defendant.** | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SECOND MOTION FOR NEW DETENTION HEARING (DOC. 214)**

NOW COMES the United States of America, by and through the United States Attorney, Margaret E. Heap, the undersigned Assistant United States Attorney and responds as follows to the Defendant's Second Motion for a New Detention Hearing: (Doc 214)

**Background**

On September 18, 2025, the Court held a detention hearing in the above-styled case. The Government presented a proffer of evidence and introduced 18 exhibits. The Defendant was allowed to offer evidence, a proffer, and to call witnesses. He did not call any witnesses but did offer argument and proffered information to the Court for consideration.

The Court entered an Order denying the Defendant's release. (Doc. 72) The Order stated:

> Defendant poses a serious risk of obstructing justice, interfering with witnesses, and continuing the alleged scheme. Indeed, the government presented substantial evidence, and a detailed proffer, describing Defendant's actions to tyrannize church members, coerce many to perform illegal acts against their self-interests, and obstruct members'

> efforts to assert their property rights and leave the church. Defendant made a mockery of the courts and justice system by (1) making material misrepresentations in real estate and bankruptcy filings, a Fannie Mae investigation, and a deposition; and (2) continuing the scheme after a civil investigation by the U.S. Attorney's Office. While in jail after the indictment issued, Defendant told his wife to hide flash drives and charge burner phones with no explanation and no mention of the intent to preserve these items as evidence. (Id. at 3)

Subsequently, the Defendant filed a Motion to Revoke the Magistrate's Judge's Detention Order. (Doc. 112) After de novo review, the District Court denied the Motion to Revoke the Detention Order (doc. 131) and stated: "although Defendant requests a hearing to present additional evidence, (citation omitted) none is necessary in light of the fulsome record developed in connection with the detention hearing." (Id. at 3)

On January 21, 2026, the Defendant filed a Motion for New Detention Hearing. (Doc 144) In that motion he claimed that his detention hearing on September 18, 2025, was "a mere skeleton hearing" and that he "did not have an opportunity to present witnesses or testimony." (Doc 144 at 2-3)

The Government responded in opposition to this request to reopen the detention hearing. (Doc 145.) The assertions made by the Defendant in his *first* motion for a second bond hearing are simply incorrect. The defendant was afforded the opportunity to present argument, testimony, exhibits, and anything else that could have been meaningful for the Court's determination in this matter.

The Court denied the Defendant's request for a second bond hearing, citing at least three reasons for the denial. (Doc. 150) Generally, the Court

found that the Defendant "had a full and fair opportunity to present his own witnesses and evidence at the first detention hearing" and "[t]he Court in no way imposed any limitations on Defendant's presentation of evidence or argument." (Id. at 2-3) Second, the Defendant failed to establish that the purported new evidence was unavailable at the first hearing and that this new evidence was material. (Id. at 3) Finally, the Court exercised its discretion citing "principles of finality and preservation of judicial resources" because the Defendant failed to offer sufficiently compelling reasons to reopen the detention hearing. (Id at 3-4) (citation omitted).

The Defendant now has made a *second* request for another bond hearing alleging virtually the same grounds as in the first request. (Doc 144 at 2). The instant motion alleges, without elaboration, that "evidence was not available at the Defendant's first detention hearing, but is available now through live witness testimony. Because of this change the Defendant is entitled to a new detention hearing." (Doc. 214 at 2-3)

The Defendant also raises a due process claims based on "prolonged pre-trial custody." Important to this analysis is the timing of pre-trial motions. In September 2025, the Court set a scheduling order which provided that all pre-trial motions were due on March 30, 2026. (Doc 74) The Defendant (and all other co-defendants) requested a six-month extension of that deadline, which was granted over the Government's objection. (Docs. 152, 153) The Court reset the deadline for pre-trial motions at September 30, 2026. (Doc 155)

## Argument

## New Detention Hearing

Because the Defendant's *second* request for another bond hearing alleges virtually the same grounds as in the first request, the Government hereby incorporates as is fully set forth herein its response filed on January 22, 2026, and relies on the arguments in it. (Doc 145). Further, the Government adopts the Court's analysis in its Order denying the first request. (Doc. 150).

> [T]o warrant the reopening of a detention hearing, a defendant must show that: (1) there is new information that did not exist or was unknowable at the time of the hearing; and (2) the new information has a material bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's appearance at trial and the safety of the community. See United States v. Watson, 475 F. App'x 598, 600 (6th Cir. 2012); United States v. Peralta, 849 F.2d 625, 626 (D.C. Cir. 1988). 'Courts have interpreted this provision strictly, holding that hearings should not be reopened if the evidence was available at the time of the initial hearing' or is not material. United States v. Pon, No. 3:14-CR-75-J-39PDB, 2014 WL 3340584, at *3 (M.D. Fla. May 29, 2014). Furthermore, even if a defendant submits new information that is material, the statute's use of the word "may" provides the district court with discretion in this arena. There is no requirement to reopen a detention hearing. United States v. Brown, No. 8:21-CR-348-SCB-SPF, 2022 WL 309430, at *2 (M.D. Fla. Feb. 2, 2022).

United States v. Miller, No. 2:24-CR-1-SPC-KCD, 2024 WL 2318187, at *1 (M.D. Fla. May 22, 2024).

The instant motion alleges that "evidence was not available at the Defendant's first detention hearing, but is available now through live witness testimony. Because of this change the Defendant is entitled to a new

detention hearing." (Doc. 214 at 2-3) The Defendant, however, fails to identify any evidence and its materiality. Based upon such a nonspecific, general and generic statement, the Defendant has wholly failed to establish that the evidence was unavailable and that it is material. Accordingly, the second request for another bond hearing should be denied.

**Due Process Claim**

Defendant also argues that his pre-trial detention violates due process because of the length of time the defendant has been in Custody (which is just over a year).

> The Eleventh Circuit has recognized "that 'at some point and under some circumstances, the duration of pretrial detention becomes unconstitutional.' " United States v. Quartermaine, 913 F.2d 910, 917 (11th Cir. 1990) (quoting United States v. Gonzales Claudio, 806 F.2d 334, 339 (2d Cir. 1986)). Whether or not the Government has borne its burden under § 3142, statutory considerations cannot override the protections of the Due Process Clause. See Gonzales Claudio, 806 F.2d at 339-40 ("We have previously expressed the view that in some circumstances the length of a defendant's pretrial detention might not survive a proper due process challenge." (quotes and cite omitted)).
>
> Although the Eleventh Circuit has made clear in Quartermaine that due process imposes *some* upper bound on the length of permissible pretrial detention, it does not specify *what* that upper bound is, nor what specific analysis applies. See Quartermaine, 913 F.2d at 918. Moreover, the Eleventh Circuit has never explicitly endorsed a test to evaluate whether any particular detention exceeds the bounds of due process. Quartermaine's favorable citation to the Second Circuit's analysis provides some indication. *See id.* (citing Gonzales Claudio, 806 F.2d at 340). Other districts in this Circuit have also, apparently, taken the citation to the Second Circuit's analysis as significant. See United States v. Al-Arian, 280 F. Supp. 2d 1345, 1347 (M.D. Fla. 2003) (citing United States v. El-Hage, 213 F.3d 74, 79 (2d Cir. 2000)). This Court, therefore, adopts the Second Circuit's test as well.

United States v. Oury, 452 F. Supp. 3d 1364, 1369 (S.D. Ga. 2020).

The four part test applied by the Second Circuit and in Oury is as follows: the court must weight "(1) [the] length [of the pretrial detention], (2) the extent of the prosecution's responsibility for delay of the trial, (3) the gravity of the charges, and (4) the strength of the evidence upon which detention was based, *i.e.*, the evidence of risk of flight and dangerousness." El-Hage, 213 F.3d at 79. United States v. Oury, 452 F. Supp. 3d 1364, 1370 (S.D. Ga. 2020)

In the instant case, the Defendant fails to show a due process violation. First, the length of delay in the Defendant's case is insufficient to support a due process violation. The Defendant has been confined for just over 12 months. Courts have held that delays in trial even as long as two years do not amount to a due process violation. "See United States v. Al-Arian, 280 F. Supp. 2d 1345, 1347 (M.D. Fla. 2003) (anticipated delay of "more than a year, perhaps two," and an additional "six months to a year" for trial, did not preclude detention on due process grounds); United States v. Barone, 2010 WL 2366581, at *2 (S.D.N.Y. June 11, 2010) (sixteen-and-a-half-month detention "regrettably lengthy" but not unconstitutional); United States v. Brown, 2008 WL 2064629, at *4 (D. Vt. May 13, 2008) ("more than twenty-one months" of pretrial detainment not unconstitutional)." United States v. Oury, 452 F. Supp. 3d 1364, 1371 (S.D. Ga. 2020). No trial date has been set because the case is still in the pre-trial motions phase. This is due to the defendant's request for a total of 12 months to file pre-trial motions.

Secondly, the Government bears no responsibility for the "delay." The current posture of the case is that pre-trial motions are due on September 30, 2026. This date was requested by the Defendant and opposed by the Government. Thirdly, the charges in the instant case are serious and the defendant is facing substantial prison time in the event of conviction. And finally, the strength of the evidence upon which detention was based was substantial as noted by the Magistrate Judge in his Order of Detention.[1]

**Conclusion**

For the foregoing reasons, the Government request that the Court deny the Defendant's motion for a new bond hearing and find that the Defendant's pre-trial detention does not violate due process.

Respectfully submitted this 23rd day of September, 2026.

MARGARET E. HEAP
UNITED STATES ATTORNEY

***s/ Patricia Green Rhodes***
Patricia Green Rhodes
Chief, Criminal Division
Georgia Bar No. 307288
P.O. Box 2017
Augusta, GA 30903
(706) 826-4534

---

[1] Defendant poses a serious risk of obstructing justice, interfering with witnesses, and continuing the alleged scheme. Indeed, the government presented substantial evidence, and a detailed proffer, describing Defendant's actions to tyrannize church members, coerce many to perform illegal acts against their self-interests, and obstruct members' efforts to assert their property rights and leave the church. Defendant made a mockery of the courts and justice system by (1) making material misrepresentations in real estate and bankruptcy filings, a Fannie Mae investigation, and a deposition; and (2) continuing the scheme after a civil investigation by the U.S. Attorney's Office. While in jail after the indictment issued, Defendant told his wife to hide flash drives and charge burner phones with no explanation and no mention of the intent to preserve these items as evidence. (Id. at 3)

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served the foregoing on all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 23rd day of September 2026.

MARGARET E. HEAP
UNITED STATES ATTORNEY

***/s/ Patricia Green Rhodes***
Patricia Green Rhodes
Assistant United States Attorney
Chief, Criminal Division
Georgia Bar No. 307288
P.O. Box 2017
Augusta, Georgia 30903
706-826-4534
patricia.rhodes@usdoj.gov