**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **V.** | ) | **Case No. 1:25CR62** |
| | ) | |
| **ANTHONY S. OLOANS** | ) | |
| **Defendant** | ) | |

## DEFENDANT'S SUPPLEMENTAL MOTION FOR NEW DETENTION HEARING

COMES NOW ANTHONY S. OLOANS, Defendant in the above-styled matter, and through his attorney of record hereby files this DEFENDANT'S SUPPLEMENTAL MOTION FOR NEW DETENTION HEARING, showing this Honorable Court as follows:

## ARGUMENT

The Defendant wants to be clear that the evidence that he intends to present at a new Detention Hearing is material and was unavailable at the time of the initial hearing. Specifically, the passage of time has changed the Defendant's circumstances so drastically that there is no way that the Defendant could pose any risk of obstructing justice or intimidating witnesses. These changes include:

1. Since the time of his initial incarceration, the Defendant no longer has access to any real estate that could purportedly be tied to church members. The properties are all exclusively controlled by other individuals, and the Defendant has no mechanism to exert any control over them at all.
2. Due to ineffective assistance of counsel at the initial Detention Hearing, no evidence was produced to show that the Defendant actually had no control over

the collection of rent money. The Defendant can produce witnesses to support this fact.

3. All of the bank accounts that the Defendant had access to that included any church assets have now been closed, and the Defendant has no access to them.
4. At the initial Detention Hearing, much of the "evidence" offered to show the strength of the Government's case against the Defendant was proffered by the Government. The Defendant was either not in possession of this evidence or, through ineffective assistance of counsel, could make no rebuttal to the proffer that was given. The Defendant has since been provided with several terabytes of the Government's "evidence," and he also has a new defense attorney that can blow holes in the Government's strength of case argument.
5. Much of the evidence provided by the Government at the initial Detention Hearing was put forth by statements and the expected testimony of Marjorie Denis. Since that initial Hearing, Ms. Denis has deceased and therefore she is no longer able to testify for the Government. The removal of her allegations is a substantial and material change that can be argued at a new Detention Hearing, and it significantly weakens the Government's case against the Defendant.
6. The American Express credit account that the Government relied on to show that the Defendant could still exercise control over funds has now been closed.

The Defendant further states that because of his lengthy incarceration, the whole mechanism by which he could have allegedly exerted any influence or control over assets or any individual has been disabled. The Defendant reserves the right to supplement this list as more facts become evident.

## CONCLUSION

THEREFORE, Defendant respectfully requests that this Honorable Court enter an Order granting him a new Detention Hearing as soon as possible so that he can present witnesses and physical evidence to support his release.

Respectfully submitted this 24th day of September, 2026.

W. Joseph Turner
Attorney for Defendant
State Bar No.: 513605

The Turner Firm, LLC
Attorneys at Law
104 W. State Street, Suite 230
Post Office Box 8905
Savannah, GA 31412
T: (912) 226-7662
F: (912) 226-7664

**CERTIFICATE OF SERVICE**

I hereby certify that this day I have served counsel for all parties with a copy of the foregoing pleading by filing through the CM/ECF system.

This _24th day of September, 2026.

W. Joseph Turner
Attorney for Defendant
State Bar No.: 513605

The Turner Firm, LLC
Attorneys at Law
104 W. State Street, Suite 230
Post Office Box 8905
Savannah, GA 31412
T: (912) 226-7662
F: (912) 226-7664