**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 1:25-CR-62** |
| | ) | |
| **ANTHONY OLOANS** | ) | |
| | ) | |
| **Defendant.** | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL MOTION FOR NEW DETENTION HEARING (DOC. 218)**

NOW COMES the United States of America, by and through the United States Attorney, Margaret E. Heap, the undersigned Assistant United States Attorney and responds as follows to the Defendant's Supplement Motion for a New Detention Hearing: (Doc 218)

**Background**

The Defendant's proffered "new evidence" is woefully inadequate to revisit the Magistrate Judge's Order of detention which states:

> Defendant poses a serious risk of obstructing justice, interfering with witnesses, and continuing the alleged scheme. Indeed, the government presented substantial evidence, and a detailed proffer, describing Defendant's actions to tyrannize church members, coerce many to perform illegal acts against their self-interests, and obstruct members' efforts to assert their property rights and leave the church. Defendant made a mockery of the courts and justice system by (1) making material misrepresentations in real estate and bankruptcy filings, a Fannie Mae investigation, and a deposition; and (2) continuing the scheme after a civil investigation by the U.S. Attorney's Office. While in jail after the indictment issued, Defendant told his wife to hide flash drives and charge burner phones with no explanation and no mention of the intent to preserve these items as evidence. (Doc. 72 at 3)

The Defendant alleges the detention hearing should be reopened for the following reasons:

1. The Defendant "no longer has access to any real estate purportedly tied to church members. (Doc. 218 at 1.)
2. The Defendant [] had no control over the collection of rent money." (Id. at 1-2.)
3. The Defendant has no access to church bank accounts or assets. (Id. at 2.)
4. The Government proffered evidence at the Detention hearing. (Id.)
5. Much of the proffered evidence was based on statements of Marjorie Denis, who is now deceased. (Id.)
6. The American Express accounts are closed. (Id.)

**Argument**

As the District Court noted in its Order denying the first Motion to reopen (doc. 144), detention "hearings should not be reopened if the evidence was available at the time of the initial hearing *or is not material*." United States v. Smith, 337 F.R.D. 366, 368 (N.D. Fla. 2020) (internal quotations omitted). (Doc. 150 at 2).

None of the Defendant's grounds, taken together or independently, provide material (or new) evidence on which to order re-opening the detention hearing. None of them, together or independently, can ensure that the Defendant will not obstruct justice or interfere with witnesses. As noted by

the Court, the Defendant has a history of "tyranniz[ing] church members, coerc[ing] many to perform illegal acts against their self-interests and obstruct[ing] members' efforts to assert their property rights and leave the church." (Doc. 72 at 3).

Importantly, while the Defendant was confined in the Jefferson County jail and prior to his Detention hearing – he called his wife and in a recorded jail call "told [her] to hide flash drives and charge burner phones with no explanation and no mention of the intent to preserve these items as evidence." (Id.) Confinement did not stop the Defendant's effort to thwart the Government's case and influence witnesses.

Furthermore, 18 U.S.C. § 3142(f)(2) leaves the discretion to the Court to determine whether a detention hearing should be reopened. (See United States v. Smith, 337 F.R.D. 366.)

The Government asks the Court to deny the Defendant's second request to reopen his detention hearing because the information he has proffered is immaterial. Further, even if the Defendant could show unavailability and materially, which he cannot, the Government asks the Court to exercise its discretion to deny the request for a second detention hearing.

## Conclusion

For the foregoing reasons, the Government request that the Coury deny the Defendant's motion for a new bond hearing.

Respectfully submitted this 26th day of September, 2026.

MARGARET E. HEAP
UNITED STATES ATTORNEY

***s/ Patricia Green Rhodes***
Patricia Green Rhodes
Chief, Criminal Division
Georgia Bar No. 307288
P.O. Box 2017
Augusta, GA 30903
(706) 826-4534

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served the foregoing on all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 26nd day of September 2026.

MARGARET E. HEAP
UNITED STATES ATTORNEY

***/s/ Patricia Green Rhodes***
Patricia Green Rhodes
Assistant United States Attorney
Chief, Criminal Division
Georgia Bar No. 307288
P.O. Box 2017
Augusta, Georgia 30903
706-826-4534
patricia.rhodes@usdoj.gov