**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **V.** | ) | **Case No. 1:25-CR-62** |
| | ) | |
| **ANTHONY S. OLOANS** | ) | |
| **Defendant** | ) | |

---

**DEFENDANT'S MOTION FOR SEVERANCE PURSUANT TO F.R.C.P. 14**

COMES NOW ANTHONY S. OLOANS, Defendant in the above-styled matter, and through his attorney of record hereby files this DEFENDANT'S MOTION FOR SEVERANCE PURSUANT TO F.R.C.P. 14, showing this Honorable Court as follows:

**BACKGROUND**

On September 10, 2025, Defendant was arrested on the basis of a grand jury arrest warrant issued in connection with the Indictment in this case (Doc. 3). Of the twenty-six (26) counts enumerated in the Indictment, the Defendant is only charged with any criminal conduct in Counts 1, 2 and 3. There is currently no date set for any motions hearings or for a trial in the case.

**ARGUMENT**

The Defendant must be severed from trial with the other co-defendants because proceeding with the case as currently indicted would be highly prejudicial for the Defendant. Rule 14 of the Federal Rules of Criminal Procedure clearly states that the Court may sever a defendant's trial if the joinder of defendants in an indictment "appears to prejudice a defendant." F.R.C.P. 14. In the case at bar, the prejudice of trying this Defendant with the other defendants is blatantly obvious. First of all, by being joined at all with "Rony Denis," who is listed as "First

Name Unknown, Last Name Unknown" gives rise to a prejudice that the Defendant has associated himself with an individual whose very identity is unknown (and thus is less reliable than an individual whose name is at least known). The reason for the Government claiming that Defendant Denis is "unknown" is because Denis has "presented himself as Rony Denis." Indictment, Doc. 3 at paragraph 3. There is no allegation that this Defendant has assisted Defendant Denis in being unknown or in presenting himself as such. However, the mere inclusion of this Defendant in an indictment with someone who may have knowingly presented himself falsely as someone else is a great prejudice to the Defendant. While a jury would be allowed to infer criminality to someone who has not provided his correct identity, it is unduly prejudicial to all of the other defendants to include them in such an accusation when there is no evidence of complicity in the misidentification at all. Therefore, from early on in the Indictment, it becomes clear that severance of at least this Defendant is necessary for a fair trial.

The closest that the Government gets in its Indictment to tying this Defendant to Defendant Denis is by calling Defendant Oloans the "executive assistant" to Denis. Indictment at paragraph 5. However, this title is not factually accurate. While the Government tries to couch its accusations under the general term of "as part of the control and manipulation," the specific actions that Defendant Oloans is accused of taking do not involve Defendant Denis at all. Paragraph 22 alleges that Defendant Oloans maintained dozens of Church members' personal information, but it does not state that he did this on behalf of Defendant Denis or that Defendant Denis even knew that Defendant Oloans maintained this information for any purpose. Furthermore, in paragraph 25, the Government accuses Defendant Oloans and Defendant Denis of directing Church members to live in rental properties, but this activity is not criminal. These defendants are not charged with Extortion, Coercion, or any other similar federal offenses.

Therefore, it is improper to join Defendant Oloans with Defendant Denis in this part of the Indictment.

This general characterization of actions taken continues throughout the Indictment. In paragraph 42, the Government alleges that Defendant Oloans (not Defendant Denis) would create powers of attorney that would be used by the defendants in real estate transactions. If the Government wants to accuse Defendant Oloans of fraudulently creating documents (or impersonating straw buyers, as is mentioned in paragraph 45), they can do so without the inclusion of Defendant Denis or any other defendant for that matter. Grouping them together serves only to prejudice Defendant Oloans by association, and there is no legal necessity for doing so.

In continuing with the Government's generality tactic in the Indictment, the specific "Acts in Furtherance of the Scheme" charge Oloans with actions separate from the other defendants. These include "transferring ownership" (Paragraph 64), "directing to appear" (Paragraph 69), and getting "loan modifications" (Paragraph 102). All of these actions could have been undertaken by Defendant Oloans by himself, and therefore it is not necessary to charge him along with other members of the Church, like Defendant Denis, that did not participate in these actions. To include them in a mass indictment is highly prejudicial.

Furthermore, the Defendant must be severed from his co-defendants because the only two specific counts against him, Counts Two and Three, only mention behavior that Defendant Oloans took in accusing him of violating the law. Count Two alleges Bank Fraud for a loan modification granted by Wells Fargo on March 30, 2018. The only other defendant mentioned in this count is Defendant Fryar, whose activity is limited to opening a post office box in which mail was received (Indictment Count 2, paragraph 119). The remaining allegations center

around activity allegedly taken by Defendant Oloans only. If the Government wants to proceed against Defendant Oloans for Bank Fraud with regards to this loan modification, then it can easily do so without producing any evidence at all of any other defendants' actions. To include this Count with the rest of the voluminous Indictment, which does not contain further activity by Defendant Oloans, is unfairly prejudicial.

Likewise, Count Three alleges an additional count of Bank Fraud for a loan modification on September 17, 2019. Defendant Fryar is once again mentioned solely as being the one who opened the postal box at which mail was received. This is not an element of Bank Fraud, and the production of this kind of evidence at trial would be unnecessary. The only reason for its inclusion would be to prejudice the Defendant by making it look like he was part of a conspiracy when in actuality the behavior in Count Three that forms the basis for the allegations is from acts allegedly committed by Defendant Oloans only. The fact of the matter is that there is not enough evidence of any other defendant's involvement in this alleged Bank Fraud to include Defendant Oloans in their trial. Doing so is only causing undue prejudice to Defendant Oloans.

It should also be noted that the rest of the Indictment falls under the summation of schemes against veterans and the VA when dealing with educational benefits. Defendant Oloans had absolutely no involvement in these alleged activities, and he is not mentioned substantively in the remainder of the Indictment. It is thus patently unfair to cause Defendant Oloans to be a defendant in a trial of the remaining counts, as the Government has laid out no facts to support his involvement in any way in these matters.

In Krulewitch v. United States, 336 U.S. 440, 445 (1949), which reversed a conspiracy conviction, Justice Robert Jackson noted in his concurring opinion that "a co-defendant in a conspiracy trial occupies an uneasy seat…it is difficult for the individual to make his own case

stand on its own merits in the minds of jurors who are ready to believe that birds of a feather are flocked together…" (Id. At 454). In the case at bar, there is simply not enough evidence of a conspiracy, especially when it comes to the Bank Fraud counts 2 and 3, to justifiably put Defendant Oloans in this uneasy seat. To do so only serves to prejudice Defendant Oloans defense, and the Government would not have to call any of the same witnesses for Defendant Oloans's trial as they would in the trial against all of the other co-defendants.

## CONCLUSION

THEREFORE, the Defendant respectfully requests that this Court grant him a severance of his trial from the other co-defendants listed in the Indictment, pursuant to Rule 14.

Respectfully submitted this 30th day of September, 2026.

/s/ *W. Joseph Turner*
W. Joseph Turner
Attorney for Defendant
State Bar No.: 513605

The Turner Firm, LLC
Attorneys at Law
104 W. State Street, Suite 230
Post Office Box 8905
Savannah, GA 31412
T: (912) 226-7662
F: (912) 226-7664

**CERTIFICATE OF SERVICE**

I hereby certify that this day I have served counsel for all parties with a copy of the foregoing pleading by filing through the CM/ECF system.

This 30th day of September, 2026.

/s/ *W. Joseph Turner*
W. Joseph Turner
Attorney for Defendant
State Bar No.: 513605

The Turner Firm, LLC
Attorneys at Law
104 W. State Street, Suite 230
Post Office Box 8905
Savannah, GA 31412
T: (912) 226-7662
F: (912) 226-7664