**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **V.** | ) | **Case No. 1:25CR62** |
| | ) | |
| **ANTHONY S. OLOANS** | ) | |
| **Defendant** | ) | |

**DEFENDANT'S MOTION TO REVEAL THE DEAL**

COMES NOW ANTHONY S. OLOANS, Defendant in the above-styled matter, and through his attorney of record hereby files this DEFENDANT'S MOTION TO REVEAL THE DEAL, showing this Honorable Court as follows:

**BACKGROUND**

The Defendant is charged in Count One with Conspiracy to Commit Bank Fraud and in Counts Two and Three with Bank Fraud. These counts are contained in a numerous count, multi-defendant Indictment alleging that Defendant, along with others, used manipulation and scare tactics against members of the House of Prayer Christian Church (HOPCC) as part of a conspiracy to commit fraud. The list of witnesses and potential witnesses in this multi-defendant trial, which presumably would include others in the HOPCC that are not charged in the Indictment, by necessity has to be quite lengthy. Therefore, the Defendant moves this Court for an Order compelling the Government to disclose the existence and substance of any agreements between any co-defendant, co-conspirator or any other person in this case and any officer or agent of the Federal or State Government.

**ARGUMENT**

There is substantial case law to support this request. In Brady v. Maryland, 373 U.S. 83 (1963), the Supreme Court of the United States interpreted the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States as establishing that the defendant in a criminal case has a right to obtain evidence favorable to the accused. The Supreme Court also held that the Government may not suppress favorable evidence that is material to the credibility of one of its witnesses. Giglio v. United States, 405 U.S. 150 (1972). Indeed, the 11th Circuit has held that "the prosecutorial suppression of an agreement with or promise to a material witness in exchange for that witness' testimony violates a criminal defendant's due process rights." Smith v. Kemp, 715 F.2d 1459, 1463 (11th Cir. 1983).

Furthermore, pursuant to Giglio: "[C]ross-examination of a witness in matters pertinent to his credibility ought to be given the largest possible scope." United States v. Partin, 493 F.2d 750, 763 (5th Cir. 1974), *quoting* McConnell v. United States, 393 F.2d 404, 406 (5th Cir. 1968). This is especially true where a prosecution witness has had prior dealings with the prosecution or with other law enforcement officials, so that the possibility exists that his testimony was motivated by a desire to please the prosecution in exchange for the prosecutor's actions in having some or all of the charges against this witness dropped. United States v. Myer, 556 F.2d 245, 248-249 (5th Cir. 1977). Thus, in addition to the basic questions regarding the bargain, the Defendant seeks to have the Government disclose all discussions with the Government witnesses concerning deals, whether or not all of the potential benefits to those witnesses were ultimately agreed upon and reduced in a bargain. It is also requested that the Government reveal any prior deal that a witness has had with a Government agency, whether local, state or federal, in any

other case. These matters are particularly relevant to the witness' bias, as it would be crucial to show willingness, desire and experience in cooperating with the Government.

The right of the defendant to cross-examine with regards to the witness's credibility was broadly enforced in United States v. Onori, 535 F.2d 938 (5th Cir. 1976). Correspondingly, the obligation of the Government to disclose any previous deal, any present deal or any prospective deal, whether reduced to a traditional plea agreement or not, should also be broadly viewed:

Indeed, it is so important that the defendant is allowed to "search" for a deal between the Government and the witness, even if there is no hard evidence that such a deal exists ... what tell, of course, is not the actual existence of a deal but the witness' belief or disbelief that deal exists.

United States v. Onori, 535 F.2d at 945.

Upon information and belief, the Defendant states that plea arrangements and "bargains" have been already reached between various co-defendants, witnesses, and church members in this case and agents and officers of the Government. Due to the extensive nature of the factual allegations contained in the Indictment and the number of persons involved in this case, it is vitally important that this Defendant’s due process rights be protected through the complete disclosure of all deals, understandings and arrangements between the Government and persons connected with this case.

## CONCLUSION

THEREFORE, the Defendant respectfully requests that this Court his Motion to Reveal the Deal and Order the Government to disclose at least, but not limited to, the following:

1. All writings, recordings and photographs which relate in any way to offers, inducements or consideration made to any persons in an effort, whether successful or not, to obtain testimony in this case.

2. All writings recordings and photographs relating to offered "bargains," whether consummated or not, with persons connected directly or indirectly with this case.

3. All writings, recordings and photographs relating to an offer of immunity or other special consideration made to persons directly or indirectly connected with this case.

4. Without limiting the generality of the foregoing, the Defendant specifically requests that the Government disclose any bargains reached with any witness or prospective witness in this case, including but not limited to:

a. The substance of any "deal" or understanding reached between agents or officers of the Federal or State Government and potential witnesses in this case;

b. The date that the bargains were reached;

c. The date on which the negotiation of such "deals were undertaken;

d. The proffer, if any, made by the witness as to information he could provide the Government, including the date that the proffer was made;

e. Any debriefing notes and summaries obtained by the Government as a result of such negotiations; and

f. The results of any polygraph examination given to witnesses, pursuant to such agreements.

5. Defendant further requests all of the same information as requested in the above paragraph regarding any deal which was discussed with, or offered, to any individual by the Government, but for whatever reason not consummated.

6. Defendant further requests the same information as requested in paragraph 4 above with regards to any bargain reached between the Government and any person connected with this case but for some reason ultimately voided prior to this date.

Respectfully submitted this 30th day of September, 2026.

/s/ *W. Joseph Turner*
W. Joseph Turner
Attorney for Defendant
State Bar No.: 513605

The Turner Firm, LLC
Attorneys at Law
104 W. State Street, Suite 230
Post Office Box 8905
Savannah, GA 31412
T: (912) 226-7662
F: (912) 226-7664

**CERTIFICATE OF SERVICE**

I hereby certify that this day I have served counsel for all parties with a copy of the foregoing pleading by filing through the CM/ECF system.

This 30th day of September, 2026.

/s/ *W. Joseph Turner*
W. Joseph Turner
Attorney for Defendant
State Bar No.: 513605

The Turner Firm, LLC
Attorneys at Law
104 W. State Street, Suite 230
Post Office Box 8905
Savannah, GA 31412
T: (912) 226-7662
F: (912) 226-7664