**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **V.** | ) | **Case No. 1:25CR62** |
| | ) | |
| **ANTHONY S. OLOANS** | ) | |
| **Defendant** | ) | |

**DEFENDANT'S MOTION TO STRIKE SURPLUSAGE FROM THE INDICTMENT**

COMES NOW ANTHONY S. OLOANS, Defendant in the above-styled matter, and through his attorney of record hereby files this DEFENDANT'S MOTION TO STRIKE SURPLUSAGE FROM THE INDICTMENT, showing this Honorable Court as follows:

## BACKGROUND

The Defendant is charged in Count One with Conspiracy to Commit Bank Fraud and in Counts Two and Three with Bank Fraud. These counts are contained in a numerous count, multi-defendant Indictment alleging that Defendant, along with others, committed acts against members of the House of Prayer Christian Church (HOPCC) as part of a conspiracy to commit fraud. The Indictment is replete with inflammatory language that is unrelated to the prosecution of any criminal activity, and its inclusion is offered by the Government for the sole purposes of prejudicing the Defendant and manipulating the jury into being so angry and confused that it will be unable to focus on the important legal issues that will be in front of it at trial.

## ARGUMENT

The Federal Rules of Criminal Procedure provide the legal mechanism for the Court to strike surplusage from this Indictment. Under Rule 7(d), upon the Defendant's motion, the Court may strike surplusage from the Indictment. "This rule introduces a means of protecting the

defendant against immaterial or irrelevant allegations in an indictment…which may…be prejudicial." Federal Rule of Criminal Procedure 7, Advisory Committee's Note to 1944 Amendment. "Acting in its discretion, a district court may strike as surplusage allegations not relevant to the charge at issue and inflammatory and prejudicial to the defendant." United States v. Collins, 920 F.2d 619, 631 (10th Cir. 1990).

In the case at bar, there are numerous terms that must be stricken from the Indictment because they are inflammatory and serve no legal purpose for being included. The Defendant requests that the Court strike the following language from the Indictment:

1. In paragraph 15, the language "Many of the HOPCC locations were established near United States military installations for easier recruitment and indoctrination of military members" must be stricken. There is no evidence to support any allegation as to why HOPCC locations were chosen where they were, and an insinuation that the defendants tried to victimize the military is highly prejudicial.
2. In paragraph 20, the term "extreme control and manipulation" must be struck because it is highly prejudicial and unnecessary. The Government can convey the same sentiment by saying that the defendants "exercised control" over members of HOPCC. All uses of the terms "extreme" and "manipulation" in the Indictment should be struck because they are included only to try and inflame the jury.
3. In paragraph 26, the entire paragraph should be struck. There is no evidence that any HOPCC members were forced to attend daily meetings and to receive permission from a person in authority. This is included to try and paint the Church as a cult. The prejudice in doing that is patently obvious, and these defendants are not charged with any crimes relating to cult-like activities.

4. In paragraph 27, the term "soul winning" is blatantly prejudicial and inflammatory. The Government has attempted to accuse the Church of illegal or cult-like activities when in actuality the act of "soul winning" is a mere following of The Great Commission found in the Book of Matthew Chapter 28. The HOPCC did not illegally seek to gain souls any more than a traditional Baptist or Methodist church might seek to gain members by encouraging congregants to give their lives over to Jesus Christ. If these defendants were members of a mainline Protestant denomination, there is no way that the term "soul winning" would be included in the Indictment as criminal activity.
5. In paragraph 28, the mention of any system of infractions and violations is contrary to any evidence and it serves no purpose but to inflame jurors and try to hoodwink them into thinking that HOPCC was a cult.
6. In paragraph 30, the "castigation and humiliation" language must be stricken. These defendants are not accused of any crimes arising from public shaming of church members, nor is there any evidence thereof. This is highly inflammatory.
7. In paragraph 31, the language that "HOPCC members were expected not to have contact with former members, including family" must be stricken. This mention of activity that is contrary to evidence does not do anything to advance that a crime had been committed. What it does is paint for jurors the image of a cult leader "stealing" family members away from their loved ones. This will only confuse and prejudice the jury from the actual legal issues at bar.
8. In paragraph 92, and at other times in the Indictment, the word "bogus" is used to try and make the Government's allegations seem more severe and obviously

illegal. This word is never required, and its mere inclusion seeks to convey to a jury that the actions are so obvious that anyone should be able to see their illegality. All uses of the word "bogus" should be stricken.

The Defendant respectfully requests the continuing right to object to any other surplusage that may become more obvious as the case further progresses.

**CONCLUSION**

THEREFORE, the Defendant respectfully requests that this Court his Motion and Stike as Surplusage the foregoing language from the face of the Indictment.

Respectfully submitted this 30th day of September, 2026.

/s/ *W. Joseph Turner*
W. Joseph Turner
Attorney for Defendant
State Bar No.: 513605

The Turner Firm, LLC
Attorneys at Law
104 W. State Street, Suite 230
Post Office Box 8905
Savannah, GA 31412
T: (912) 226-7662
F: (912) 226-7664

**CERTIFICATE OF SERVICE**

I hereby certify that this day I have served counsel for all parties with a copy of the foregoing pleading by filing through the CM/ECF system.

This 30th day of September, 2026.

/s/ *W. Joseph Turner*
W. Joseph Turner
Attorney for Defendant
State Bar No.: 513605

The Turner Firm, LLC
Attorneys at Law
104 W. State Street, Suite 230
Post Office Box 8905
Savannah, GA 31412
T: (912) 226-7662
F: (912) 226-7664