**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **V.** | ) | **Case No. 1:25CR62** |
| | ) | |
| **ANTHONY S. OLOANS** | ) | |
| **Defendant** | ) | |

## DEFENDANT'S MOTION *IN LIMINE* AS TO MARJORIE DENIS

COMES NOW ANTHONY S. OLOANS, Defendant in the above-styled matter, and through his attorney of record hereby files this DEFENDANT'S MOTION *IN LIMINE* AS TO MARJORIE DENIS, showing this Honorable Court as follows:

## BACKGROUND

The Defendant is charged in Count One with Conspiracy to Commit Bank Fraud and in Counts Two and Three with Bank Fraud. A major witness for the Government in this case was supposed to be Marjorie Denis, the wife of co-defendant Rony Denis. Indeed, the Government has already relied heavily on Ms. Denis's purported testimony during the original Detention Hearing for Defendant Oloans. However, on March 31, 2026, Marjorie Denis (listed under her maiden name of Marjorie Robertson on the Death Certificate) deceased and she is now unavailable for any future proceedings related to Defendant Oloans, including his trial. Because of this, any and all evidence, testimony, or statements related to Ms. Denis must be excluded in future proceedings as it is now irrelevant, prejudicial, and violates Defendant Oloans' constitutional rights and the rules of federal evidentiary procedure.

## ARGUMENT

It is incontrovertible that Marjorie Denis (Nee Robertson) is deceased (Defendant's Exhibit 1). Any mention of her death at trial would violate Federal Rule of Evidence 403, as it will unfairly inflame the jury's passions and distract from the actual legal issues at hand. Furthermore, any mention of evidence provided by Ms. Denis would violate Rule 801 and Rule 802, as these are now the byproduct of hearsay evidence that would be offered by the deceased and could not be cross-examined. There is no legal way to offer any of this evidence into the trial or hearings on the case because the Defendant's U.S. Constitution Sixth Amendment right to confront and cross-examine the witnesses against him would be violated in doing so. There is no way that Defendant Oloans (or any other co-defendant) can question Ms. Denis as to the veracity of her statements or her bias (and real animus) in offering the evidence that she provided to the Government. This would therefore place an unfair burden on the Defendant, one which the Confrontation Clause of the Sixth Amendment sought to prevent.

## CONCLUSION

THEREFORE, the Defendant respectfully requests that this Court his Motion *in Limine* and prevent the Government from mentioning not only any statements or evidence provided by Marjorie Denis but also from using any evidence that is derived from Ms. Denis's statements to the Government.

Respectfully submitted this 30th day of September, 2026.

/s/ *W. Joseph Turner*
W. Joseph Turner
Attorney for Defendant
State Bar No.: 513605

The Turner Firm, LLC
Attorneys at Law

104 W. State Street, Suite 230
Post Office Box 8905
Savannah, GA 31412
T: (912) 226-7662
F: (912) 226-7664

**CERTIFICATE OF SERVICE**

I hereby certify that this day I have served counsel for all parties with a copy of the foregoing pleading by filing through the CM/ECF system.

This 30th day of September, 2026.

/s/ *W. Joseph Turner*
W. Joseph Turner
Attorney for Defendant
State Bar No.: 513605

The Turner Firm, LLC
Attorneys at Law
104 W. State Street, Suite 230
Post Office Box 8905
Savannah, GA 31412
T: (912) 226-7662
F: (912) 226-7664