**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **V.** | ) | **Case No. 1:25CR62** |
| | ) | |
| **ANTHONY S. OLOANS** | ) | |
| **Defendant** | ) | |

**DEFENDANT'S MOTION FOR BILL OF PARTICULARS**

COMES NOW ANTHONY S. OLOANS, Defendant in the above-styled matter, and through his attorney of record hereby files this DEFENDANT'S MOTION FOR BILL OF PARTICULARS, showing this Honorable Court as follows:

## BACKGROUND

On September 10, 2025, Defendant was arrested on the basis of a grand jury arrest warrant issued in connection with the Indictment in this case (Doc. 3). Of the twenty-six (26) counts enumerated in the Indictment, the Defendant is only charged with any criminal conduct in Counts 1, 2 and 3. There is currently no date set for any motions hearings or for a trial in the case. Because of the lengthy, general Indictment and voluminous discovery in this case (which includes multiple terabytes of evidence), the Defendant hereby moves for a Bill of Particulars to allow him to prepare an effective defense to the charges against him.

## ARGUMENT

Rule 7(f) of the Federal Rules of Criminal Procedure provides for the filing of a bill of particulars. The purpose of a bill of particulars is to give the defendant more particular information. United States v. Haas, 583 F.2d 216 (5th Cir. 1978). The bill of particulars provides the defendant with information about the details of the charges against him that are necessary to

the preparation of his defense and to avoid prejudicial surprise at trial. United States v. Diecidue, 603 F.2d 535 (5th Cir. 1979), cert denied 445 U.S. 946 (1979); United States v. Bascaro, 742 F.2d 1335, 1365 (11th Cir. 1984). The Motion is not an attack upon the sufficiency of the indictment. The fact that the indictment is valid is not a defense to a motion for a Bill of Particulars, United States v. Faulkner, 53 F.R.D. 299, 310 (D. Wis. 1971), inasmuch as the underlying purpose of Rule 7(f) of the Federal Rules of Criminal Procedure is not to cure defects in the Government's pleadings. In fact, a Bill of Particulars cannot save an invalid indictment. United States v. Farinas, 299 F. Supp. 852 (S.D.N.Y. 1969).

A Bill of Particulars is being sought in this case so as to inform the defendant of the nature of the charges against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at time of trial, and to enable him to prepare a full and effective defense. Because there are so many counts in the Indictment that do not directly mention the Defendant and the discovery served on the Defendant is overwhelmingly large, a Bill of Particulars is necessary to provide the Defendant with some direction in preparing a defense.

To serve the purposes stated above, the Defendant requests that this Court order the Government to disclose the following Particulars:

1. Pursuant to Federal Rules of Criminal Procedure Rule 12(4)(B), the Defendant requests that the Government provide him with a concise disclosure of the evidence that the Government intends to use in its case-in-chief at trial, including specific witnesses, the dates on which these witnesses provided statements, and at least a summation of the expected testimony by these witnesses and the purpose for which each would be offered by the Government at trial;

2. As to Count One of the Indictment, which alleges Conspiracy to Commit Bank Fraud, the Defendant asks for disclosure of the following information:
    a. The exact dates of each transaction committed by this Defendant that constitute any act in furtherance of the conspiracy;
    b. The date on which the Government alleges that the Defendant first entered the conspiracy;
    c. A more specific timeframe other than "from at least 2004 and continuing."
    d. The exact dates on which the Government alleges that the Defendant created Powers of Attorney for others unlawfully and a copy of those specific Powers of Attorney;
    e. The specific Powers of Attorney that the Government alleges were fraudulently created by the Defendant;
    f. The specific LLCs or other legal organizations, and their incorporation dates, of any LLCs that the Government believes the Defendant created as part of the conspiracy;
    g. The specific records that the Government relies on to show that the Defendant caused anyone to appear at a real estate closing against their will or fraudulently, and the dates on which these records were made;
3. As to Count Two of the Indictment, which alleges Bank Fraud, the Defendant requests that the Government disclose:
    a. The specific dates and events that occurred on those dates that the Defendant "aided and abetted" anyone in executing the scheme, other than just "beginning in or about December 2013 and continuing."

4. As to Count Three of the Indictment, which alleges Bank Fraud, the Defendant requests that the Government disclose:
    a. The specific dates and events that occurred on those dates that the Defendant "aided and abetted" anyone in executing the scheme, other than just "beginning in or about December 2013 and continuing."
5. As to the Indictment as a whole:
    a. The date that the Grand Jury that indicted the Defendant was convened;
    b. The date on which said Grand Jury was empaneled;
    c. The individuals who comprised the Grand Jurors, including evidence as to when they were summoned and whether any safeguards were taken to ensure that none of the Grand Jurors were otherwise forbidden from serving on the Grand Jury (such as convicted felons, etc…);
    d. The specific witnesses and the witness order that were presented to the Grand Jury and a summation of the testimony of each;
    e. Any Government notes, memos, or other documents that reflect investigation done by the Government prior to the Grand Jury convening to investigate the conspiracy, whether these criminal charges arose out of those investigations or not;
    f. Any deals of immunity, whether absolute or qualified, that were offered to individuals that presented testimony or evidence at the Grand Jury proceeding or at any other point in this case.

## CONCLUSION

THEREFORE, the Defendant respectfully requests that this Court grant his Bill of Particulars and order the Government to provide this information. The Defendant also respectfully requests that he be allowed to file any additional motions related to these new disclosures that would otherwise have been prohibited because of court deadlines or other time-barring rules.

Respectfully submitted this 30th day of September, 2026.

/s/ *W. Joseph Turner*
W. Joseph Turner
Attorney for Defendant
State Bar No.: 513605

The Turner Firm, LLC
Attorneys at Law
104 W. State Street, Suite 230
Post Office Box 8905
Savannah, GA 31412
T: (912) 226-7662
F: (912) 226-7664

**CERTIFICATE OF SERVICE**

I hereby certify that this day I have served counsel for all parties with a copy of the foregoing pleading by filing through the CM/ECF system.

This 30th day of September, 2026.

/s/ *W. Joseph Turner*
W. Joseph Turner
Attorney for Defendant
State Bar No.: 513605

The Turner Firm, LLC
Attorneys at Law
104 W. State Street, Suite 230
Post Office Box 8905
Savannah, GA 31412
T: (912) 226-7662
F: (912) 226-7664