IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

U.S DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

OCT 13 2026

FILED

UNITED STATES OF AMERICA *
*
v. * CR 125-062
*
ANTHONY OLOANS *

# O R D E R

Defendant asks the Court — for a second time — for a new detention hearing because the first hearing "was a mere skeleton hearing based largely on proffers by the Government," and he would like an opportunity to present evidence undermining the Court's expressed reasons for detaining him. (Doc. 214; see also docs. 144 (Defendant's Motion for New Detention Hearing), 112 (Defendant's Motion to Revoke Detention Order), 72 (Order of Detention Pending Trial).) Defendant also raises concerns based on "prolonged pre-trial custody." (Doc. 214, at 4-5.) The government argues Defendant had the opportunity to fully present his case at the first detention hearing, and Defendant has not proffered any new, material evidence that was unavailable or unknown at that time. (See doc. 217.) It also argues that Defendant's detention has not been unreasonably prolonged. (See id.) For the following reasons, the motion is **DENIED**. (Doc. 214.)

## I. **Factual Background**

Following a detention hearing on September 18, 2025 (doc. 47), the Court ordered Defendant detained pending trial because he presents a serious risk of obstructing justice and dangerousness to others (doc. 72). Specifically, the Detention Order states:

> Defendant poses a serious risk of obstructing justice, interfering with witnesses, and continuing the alleged scheme. Indeed, the government presented substantial evidence, and a detailed proffer, describing Defendant's actions to tyrannize church members, coerce many to perform illegal acts against their self-interests, and obstruct members' efforts to assert their property rights and leave the church. Defendant made a mockery of the courts and justice system by (1) making material misrepresentations in real estate and bankruptcy filings, a Fannie Mae investigation, and a deposition; and (2) continuing the scheme after a civil investigation by the U.S. Attorney's Office. While in jail after the indictment issued, Defendant told his wife to hide flash drives and charge burner phones with no explanation and no mention of the intent to preserve these items as evidence.

(Id. at 3.)

Defendant appealed (doc. 112), and the undersigned affirmed after a *de novo* review (doc. 131). Defendant filed a first request for another detention hearing on January 21, 2026 (doc. 144), which the Magistrate Judge denied on February 4, 2026 (doc. 150). The instant motion is the third request by Defendant for a reconsideration of his detention.

## II. <u>**Defendant is Not Entitled to a Reopening of His Detention Hearing Pursuant To 18 U.S.C. § 3142**</u>

As the Court explained previously (doc. 150), a detention hearing "may be reopened[] . . . at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). "Courts have interpreted this provision strictly, holding that hearings should not be reopened if the evidence was available at the time of the initial hearing or is not material." <u>United States v. Smith</u>, 337 F.R.D. 366, 368 (N.D. Fla. 2020) (internal quotations and citations omitted). Nonetheless, even if a defendant satisfies both elements, "the statute's 'use of the word "may" indicates discretion on the part of the district court. Thus, there is no requirement to reopen a detention hearing.'" <u>Smith</u>, 337 F.R.D. at 368 (quoting <u>United States v. Watson</u>, 475 F. App'x 598, 601 (6th Cir. 2012)).

Here, the detention hearing should not be reopened for at least three reasons, indeed, the same three reasons why Defendant's requests for a new detention hearing were denied previously. First, contrary to Defendant's assertion, he had a full and fair opportunity to present his own witnesses and evidence at the first

detention hearing. (Doc. 150, at 2-3.) Nothing in Defendant's new motion alters the Court's previous analysis. (Id.)

Second, Defendant fails to establish the evidence he wants to present is material and was unavailable at the time of the initial hearing. He states that he can "provide testimony and evidence to show that he has neither made any material [mis]representations on any court filings, nor has he continued any scheme after a civil investigation." (Doc. 214, at 3; see also doc. 144, at 2.) However, he does not explain why he could not have presented such evidence at the first hearing. Similarly, he claims a new detention hearing is necessary to explain, through unspecified evidence, what he meant when he directed his wife to hide flash drives and charge burner phones. (Doc. 214, at 3.) As the Court noted previously, Defendant offered an explanation during the first hearing and there is no reason to believe additional explanations were not then known. (Doc. 150, at 3.)

In a reply brief filed in support of his motion, Defendant argues that he no longer has access to any real estate that could purportedly be tied to church members, he has witnesses who can assert that he had no control over the collection of rent money, the bank accounts and American Express credit accounts used have all now been closed, he now has access to new evidence from the government that his new attorney can use to "blow holes" in the strength of case, and Marjorie Denis (upon whose testimony much of

the detention argument was based) is now deceased. (Doc. 218, at 2.) Most of these "new" facts are repackaged variations of the same information which Defendant provided, and which the Court rejected, earlier this year. (See doc. 150, at 3 (noting that Defendant stated he had lost access to documents which could be used to further the scheme and manipulate witnesses).) To the extent any of the information presented is new or was unknown at the time of his initial detention hearing, it is not sufficiently material to change the conclusion that Defendant presents a serious risk of obstructing justice and intimidating witnesses.

Third, the Court exercises its discretion to deny the request for a second detention hearing. Section 3142(f)(2) is based on "principles of finality and preservation of judicial resources." United States v. Rodriguez, No. 17-20904-CR, 2025 WL 1019662, at *3 (S.D. Fla. Mar. 5, 2025), *adopted by* 2025 WL 1014779 (S.D. Fla. Apr. 4, 2025), *aff'd by* No. 25-11263, 2025 WL 2901148 (11th Cir. July 7, 2025). Defendant does not offer sufficiently compelling reasons in favor of reopening his detention hearing to override these important values. It remains a waste of resources to reconvene for a defendant who had a full and fair opportunity to present any evidence he deemed relevant at the initial detention hearing, never requested a continuance of the initial hearing or expressed any procedural or substantive concerns at that time, has

no compelling new evidence, and has merely rehashed arguments that were unsuccessful seven months ago.

**III. Due Process Does Not Compel Release**

Defendant's continued incarceration pending trial does not yet rise to a Constitutional violation. The Fifth Amendment provides that "[n]o person shall be ... deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. Although "'due process places no bright-line limit on the length of pretrial detention,'" United States v. Oury, 452 F. Supp. 3d 1364, 1370 (S.D. Ga. 2020) (quoting United States v. Briggs, 697 F.3d 98, 101 (2d Cir. 2012)), "at some point and under some circumstances, the duration of pretrial detention becomes unconstitutional." United States v. Gonzales Claudio, 806 F.2d 334, 339 (2d Cir. 1986).

This Court has adopted the Second Circuit's four-part test to evaluate whether and when pretrial detention becomes unconstitutionally prolonged. Oury, 452 F. Supp. 3d at 1369-70. Using that test, "[t]o determine whether the length of pretrial detention has become unconstitutionally excessive, a court must weigh: (1) its length, (2) the extent of the prosecution's responsibility for delay of the trial, (3) the gravity of the charges, and (4) the strength of the evidence upon which detention was based, *i.e.*, the evidence of risk of flight and dangerousness." Id. at 1370 (quotations omitted) (citing United States v. El-Hage,

213 F.3d 74, 79 (2d Cir. 2000)). "[S]ome courts have added, as an additional factor, a comparison between the length of the likely sentence the defendant faces and the length of pretrial detention." United States v. Cos, No. CR 05-1619 JB, 2006 WL 4061168, at *3 (D.N.M. Nov. 15, 2006). Where the length of pretrial detention exceeds two years, "courts have typically upheld detention only if the government was not responsible for any significant portion of the delay and special circumstances indicated that the defendant's release would pose an extraordinary threat to the government's regulatory interests in detention." Id. at *7.

In this case, three of the four factors do not mitigate in favor of release. First, the government is not primarily responsible for the current delay. The Defendants in this case (including Defendant Oloans) requested and received a six-month extension for pretrial motions, over the objections of the government. (Docs. 152, 153, 155); see Briggs, 697 F.3d at 102 (noting 'most of the delay [was] attributable to the continuances requested by [the defendant's] twenty co-defendants and the complexities inherent in a twenty-defendant case.'") (quoting Hill, 462 F. App'x at 127) (alteration in original). The government has continued to object to any extension, including two recently filed by Defendants Fryar and Nostrant which the Court granted in part. (Docs. 234, 238, 244, 245, 251.) The government's request for an additional 60 days to respond to the

Defendants' pretrial motions (doc. 249), amounts to only a minimal delay in bringing this case to trial, particularly when considering that the Court only granted a 30-day extension. (Doc. 251.) Second, the charges against Defendant Oloans are serious, and while they are not violent, the potential penalties indicate that they are grave. Finally, the strength of proof of Oloans's dangerousness, particularly with regards to his attempts to interfere with this prosecution even from jail, as discussed above, is substantial. The balance of these factors, therefore, weighs against a due process violation.

The remaining factor, the length of delay, is the strongest factor suggesting continued detention might violate due process. Here, the length of detention - which is now just over a year in a case where there is no trial date set — is a concern. Nevertheless, the weight of authority shows that it does not violate due process. The United States District Court for the District of Columbia has provided a thorough review of cases considering the length of pretrial detention delays in United States v. Ali, 965 F. Supp. 2d 139 (D.D.C. 2013). The district court concluded that an approximately twenty-eight-month pretrial detention "points strongly to a" due process violation. Id. at 152. However, the Court of Appeals disagreed, concluding "the length of appellee's pretrial detention does not violate due process." United States v. Ali, 534 F. App'x 1, 2 (D.C. Cir.

2013). A similar sequence occurred between the District Court for the Southern District of New York and the Second Circuit concerning an approximately thirty-month delay. See United States v. Millan, 824 F. Supp. 38, 40 (S.D.N.Y. 1993), *rev'd* 4 F.3d 1038, 1044 (2nd Cir. 1993) (thirty to thirty-one month period, while factored in defendant's favor, was not dispositive, and noting "[t]his court has upheld projected pretrial detention periods of up to thirty-two months.").

Here, Defendant's pretrial detention is not yet long enough to support a due-process violation. Indeed, several other courts have determined that delays longer than contemplated in this case did not violate due process. See United States v. Al-Arian, 280 F. Supp. 2d 1345, 1347 (M.D. Fla. 2003) (anticipated delay of "more than a year, perhaps two," and an additional "six months to a year" for trial, did not preclude detention on due process grounds); United States v. Barone, No. S1 09 Cr. 91 (NRB), 2010 WL 2366581, at *2 (S.D.N.Y. June 11, 2010) (sixteen-and-a-half-month detention "regrettably lengthy" but not unconstitutional); United States v. Brown, No. 2:06-cr-82-2, 2008 WL 2064629, at *4 (D. Vt. May 13, 2008) ("more than twenty-one months" of pretrial detainment not unconstitutional). The duration involved here of just over a year is insufficient, at this time, for the Court to find that it tips the balance of the analysis in Defendant's favor.

## IV. Conclusion

For the foregoing reasons, Defendant's motion is **DENIED.** (Doc. 214.)

**ORDER ENTERED** at Augusta, Georgia, this 13th day of October, 2026.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA